715 So.2d 346 (1998)
Kristopher WYSOCKI, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0934.
District Court of Appeal of Florida, Fourth District.
August 12, 1998.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
While conceding that he could be liable as a principal in connection with the charged crimes, appellant claims that the court erred in failing to direct a verdict in his favor on the charge of attempted premeditated murder because the evidence was insufficient to show premeditation. We conclude that the trial court did not err in denying the motion.
Appellant and the victim met at a store, at which time the victim asked appellant to do *347 some painting for him. They then went to the victim's house, where appellant was shown around. The next day appellant and his co-defendant arrived at the house, but the victim did not let them in. On the following day the appellant and his co-defendant came to the house and entered at the victim's invitation, at which time appellant told the victim that the co-defendant was going to work with him.
After the three had talked for quite a while and played some pool, the victim decided it was time for them to go, at which time the co-defendant asked to go to the bathroom while the victim and appellant walked to the front of the house. Thereafter, without warning, the co-defendant returned from the bathroom, struck the victim on the head with a bat, and started beating the victim with the assistance of his cohort, appellant. The victim ran through a series of rooms in an attempt to avoid the ongoing assault, but according to the victim's testimony, the codefendant and appellant continued to strike him multiple times with numerous weapons. The appellant used a cue stick, and the codefendant used a bat and a heavy crystal bowl. The victim was cut and bleeding profusely and passed out several times, only to regain consciousness while the appellant and co-defendant continued to attack him. When he felt one of them put a rope or belt around his neck and begin to tighten it, he put his hands up to prevent it from closing around his neck and then passed out. When he awoke, his persecutors were gone, and he called 911.
Appellant claims that there was no evidence of any premeditated plan to murder the victim, and, therefore, the attempted murder charge cannot stand. In Jackson v. State, 575 So.2d 181, 186 (Fla.1991), the supreme court stated that:
Premeditation, as an element of firstdegree murder,
is a fully-formed conscious purpose to kill, which exists in the mind of the perpetrator for a sufficient length of time to permit of reflection, and in pursuance of which an act of killing ensues. Premeditation does not have to be contemplated for any particular period of time before the act, and may occur a moment before the act.... It must exist for such time before the homicide as will enable the accused to be conscious of the nature of the deed he is about to commit and the probable result to flow from it insofar as the life of the victim is concerned.
(citations omitted)(quoting Sireci v. State, 399 So.2d 964, 967 (Fla.1981), overruled on other grounds by Pope v. State, 441 So.2d 1073, 1077-78 (Fla.1983)). Premeditation may be established by circumstantial evidence, such as "the nature of the weapon used, the presence or absence of adequate provocation, previous difficulties between the parties, the manner in which the homicide was committed, and the nature and manner of the wounds inflicted." Spencer v. State, 645 So.2d 377, 381 (Fla.1994); accord McConnehead v. State, 515 So.2d 1046, 1048 (Fla. 4th DCA 1987).
In the instant case, viewing the evidence most favorably to the state, the victim suffered an unprovoked, vicious, and prolonged beating at the hands of appellant and his co-defendant by means of a bat, a crystal bowl, and a pool cue stick. Blood was everywhere in the house, and the victim's scalp was nearly severed from his head. He estimated that he was hit well over 50 times. There was also evidence of attempted strangulation of the victim. While most of the objects used in the beating were the victim's household objects, an inference can be drawn that the assailants arrived at the home with the bat or club first used to strike the victim, as the victim testified that he had never seen the object.
In Scott v. State, 411 So.2d 866, 868 (Fla. 1982), the court found sufficient evidence of premeditation in the manner in which the murder was committed:
[t]here was a long bloody chase throughout the house, the victim was badly beaten, his hands and feet were tied while he was still alive, and he was struck on the head six times with a blunt instrument. The evidence was clearly sufficient to establish premeditation.
Similarly, evidence that the victim was subjected to an extensive beating and strangulation *348 was sufficient to show premeditation in Dupree v. State, 615 So.2d 713 (Fla. 1st DCA 1993). "The appreciable time between the struggle, the beating, and the strangulation, however small, would be sufficient time for the assailant to reflect upon his actions, and supports a jury verdict of premeditated murder." Id. at 718-19. Likewise, we find that the evidence in the instant case supports a verdict of attempted premeditated murder.
We also affirm as to the remaining issues raised.
FARMER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.