90 So.2d 704 (1956)
Ernest N. BELL and James Clayton Clemons, Appellants,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Special Division B.
November 21, 1956.
*705 Lloyd Bass, Jacksonville, for appellants.
Richard W. Ervin, Atty. Gen., Joseph P. Manners, and Richard J. Brooks, Asst. Attys. Gen., for appellee.
ROBERTS, Justice.
The appellants have appealed from verdicts and judgments convicting them of the offenses of breaking and entering with intent to commit a felony and grand larceny. The sole issue presented on this appeal is whether the trial judge erred in denying their motion for new trial, based upon the affidavit of an accomplice, one Wilkins, that he had testified falsely against them at the trial.
The rule for our guidance in this situation was stated in Henderson v. State, 135 Fla. 548, 185 So. 625, 630, 120 A.L.R. 742, citing 16 C.J. 1188, et seq., as follows:
"`A material error or misstatement in the testimony of a witness for the prosecution may constitute ground for a new trial. Where therefore it appears, that, on a new trial, the witness will change his testimony to such an extent as to render probable a different verdict, the new trial will be granted. But recantation by witnesses called on behalf of the prosecution does not necessarily entitle defendant to a new trial. The question whether a new trial shall be granted on this ground depends on all the circumstances of the case, including the testimony of the witnesses submitted on the motion for the new trial. Moreover, recanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true. Especially is this true where the recantation involves a confession of perjury. * * *'" See, also, 23 C.J.S., Criminal Law, § 1454.
Here, the only direct evidence implicating the appellants in the crimes was that of Wilkins, although there was circumstantial evidence against them. However, it was shown at the trial that, immediately after his arrest, Wilkins stated to the arresting officers that the appellants participated in the crime with him; that he recanted this statement at the preliminary hearing and said that the appellants were not involved; and, as shown in his testimony at the trial he reverted to his original statement and implicated the appellants. By the affidavit filed in support of the motion for new trial, he has again recanted a prior statement and now says that he swore falsely at the trial. In these circumstances, the trial judge's skepticism as to the truth of the matter contained in the affidavit is understandable.
It is well settled that a motion for new trial is addressed to the sound judicial discretion of the trial court and that, unless an abuse of such discretion is clearly shown, the action of the trial court in this respect will not be disturbed. We find no abuse of discretion, in the circumstances shown by this record, so the judgments appealed from should be and they are hereby
Affirmed.
DREW, C.J., THOMAS, J., and OGILVIE, Associate Justice, concur.