493 So.2d 1058 (1986)
Michael MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. BF-343.
District Court of Appeal of Florida, First District.
August 7, 1986.
On Motion for Modification Denied September 18, 1986.
Michael Allen, Public Defender, Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Barbara Ann Butler, Ken Muszynski, Asst. Attys. Gen., Tallahassee, for appellee.
*1059 MILLS, Judge.
Mitchell appeals from a conviction for armed robbery presenting three issues for our consideration: (1) whether the trial court erred in denying Mitchell's motion for judgment of acquittal based on lack of evidence to establish use of a firearm; (2) whether the trial court erred in denying Mitchell's motion for a new trial given the robbery victim's recantation of his identification testimony; and, (3) whether the trial court erred in departing from the sentencing guidelines. We affirm in part and reverse in part.
Mitchell was charged with armed robbery and commission of a robbery using a firearm. The offense occurred on 19 October 1983 at Jewelcor Jewelers, Jacksonville. At the jury trial on the charges, Mr. Campbell, the jewelry clerk victimized in this case, testified that on the above date three men entered the store and browsed from display case to display case. Mr. Campbell further testified that he waited on only two of the men while the third man independently viewed items at a distance.
Mr. Campbell went on to state that at one point he was showing two of the men some rings, when one of the men pulled from under his sweater what appeared to be a gun and grabbed him by the collar demanding rings from the case. The two men proceeded to grab the rings and left the store. Mr. Campbell stated that he did not see the third man leave.
A palm print was taken from the crime scene which was found to match that of Mitchell. In addition, Mitchell was identified from a photo spread by Mr. Campbell. Being the only suspect positively identified, Mitchell was the only participant charged.
During the trial, the State also introduced the testimony of Izeal Thornton, who was granted immunity. Thornton stated that he was driving around that evening with his friends, Gino Anderson and Michael Mitchell, when the idea of robbing Jewelcor was first discussed and agreed upon. Thornton testified there was a weapon which he "guessed" was a revolver-type pistol, although he never held it and did not know which one of his friends tucked it under their clothing. Thornton further testified that he remained separate from Anderson and Mitchell while in the store and left when he thought the robbery was about to occur because he did not want to be a participant.
Mitchell moved for a judgment of acquittal after the close of the State's case on the grounds that the State had failed to prove that a firearm was used. This motion was denied.
In his defense, Mitchell testified that the idea of robbing Jewelcor was brought up by Thornton only after they had entered the store, and neither he nor Anderson thought it was a good idea. Mitchell went on to state that it was Thornton who grabbed the store clerk and held a gun on him, although he did personally grab some rings before leaving the store.
The jury returned a verdict of guilty on both charges. Prior to sentencing, however, the store clerk called the Public Defender's office and recanted his identification of Mitchell as the man who pulled the gun. Mr. Campbell remembered that it was Mitchell who went off to another display case before the robbery took place. He testified that he recalled Thornton scooping rings into his pocket while a shorter man held a gun on him.
Accordingly, Mitchell motioned for a new trial. This motion was denied. However, based on the recanted testimony, the trial judge found Mitchell not guilty of possession of a firearm during the commission of a felony and changed the second guilty verdict to armed robbery without possession of a firearm.
Mitchell was then sentenced to a 15-year term of incarceration. This sentence was a departure from the recommended guidelines sentence of 4 1/2 to 5 1/2 years. In this regard, the trial court prepared a statement of reasons for departing which cited the following: (1) Mitchell committed two violent felonies involving the use of a firearm within a two-month period; (2) in excess of $20,000 worth of jewelry was taken *1060 during the armed robbery; (3) none of the property taken in the robbery was recovered; (4) Mitchell used the assistance of others to commit the robbery; (5) the trial testimony indicated that Mitchell physically assaulted the victim and pulled the victim towards him while a firearm was pointed at the victim by one of the robbers; (6) the robbery was premeditated and well-planned; and (7) the crime occurred in a large store with a number of innocent customers where the potential injury to by-standers was great.
In moving for a judgment of acquittal, the defendant admits not only the facts stated and the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. A court should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Lynch v. State, 293 So.2d 44 (Fla. 1974).
In this court's opinion, under the above standard the trial court properly denied Mitchell's motion for judgment of acquittal. In Fletcher v. State, 472 So.2d 537 (Fla. 5th DCA 1985), the court stated that it was not fatal to the prosecution that a weapon was not introduced into evidence inasmuch as the police never found one. The court went on to hold that the evidence was sufficient to sustain a conviction for attempted robbery with a weapon, where the victim testified that the defendant placed an object to his throat and told him it was a razor blade, and that although the victim did not see the blade, he felt it touch his throat and described it as "cold and hard." See, T.T. v. State, 459 So.2d 471 (Fla. 1st DCA 1984) (evidence sufficient to support finding of use of a firearm in robbery where victims testified defendant had an object which appeared to be a gun and defendant stated to victims, "Give me the money or I'll blow your brains out," and "Stop or I'll shoot.") This case is also similar to United States v. Seastrunk, 580 F.2d 800 (5th Cir.1978), cert. denied, 439 U.S. 1080, 99 S.Ct. 863, 59 L.Ed.2d 50 (1980), wherein the court held the evidence was sufficient to establish the use of a gun where the victim, a bank teller, testified she was familiar with guns and the defendant had opened his shirt and displayed what she thought was a gun butt.
Turning to the second issue raised, it is well settled that a motion for a new trial is addressed to the sound judicial discretion of the trial court and that, unless an abuse of discretion is clearly shown, the action of the trial court in this respect will not be disturbed. Bell v. State, 90 So.2d 704 (Fla. 1956).
Once a court makes the determination that the witness is testifying truthfully in recanting earlier testimony at the hearing on the motion for a new trial, as here, the court must then determine whether this changed testimony would probably result in a different verdict in a new trial. Bell v. State, supra. Under this inquiry, the trial court obviously concluded that Mitchell would still be found guilty of armed robbery. We agree as the State produced other evidence of guilt besides the testimony of the victim; namely, Mitchell's fingerprints at the precise place of the crime and the testimony of an accomplice. Further, the victim's recanted statement still placed Mitchell as a participant in the crime, as did Mitchell's own testimony. Therefore, we find that no abuse of discretion has been demonstrated.
Addressing the issue of whether the sentencing guidelines were exceeded on improper grounds, we find reasons one, five and six are not proper considerations for departure. See, Hendrix v. State, 475 So.2d 1218 (Fla. 1985) (trial court may not depart from the guidelines based upon a factor which is already weighed in arriving at a presumptive sentence); State v. Mischler, 488 So.2d 523 (Fla. 1986) (facts supporting a reason for departure must be credible and proven beyond a reasonable doubt); and Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984) (premeditation and calculation are inherent components of any *1061 armed robbery and hence can be viewed as already embodied in the guideline's recommended sentence).
Having concluded that both valid and invalid reasons were relied on by the trial court, this court finds that under the standard of review announced in Albritton v. State, 476 So.2d 158 (Fla. 1985), reversal of Mitchell's sentence is necessitated. Further support for reversal is found in State v. Mischler, supra, wherein it was held that where a justification is an inherent component of the crime in question (Reason Six) or a factor already taken into account by the guidelines (Reason One), "an appellate court is obligated to find that departure is improper." 488 So.2d at 525.
Affirmed in part and reversed in part and remanded for resentencing in line with the sentencing guidelines presumptive range.
WENTWORTH, J., concurs.
NIMMONS, J., specially concurs with opinion.
NIMMONS, Judge, specially concurring.
I concur in the result only.

ON MOTION FOR MODIFICATION OF OPINION
PER CURIAM.
We deny the State's "Motion For Modification of Opinion."
MILLS and WENTWORTH, JJ., concur.
NIMMONS, J., dissents with opinion.
NIMMONS, Judge, dissenting.
The State seeks modification of the Court's opinion to make it clear that the trial judge is not precluded, on resentencing, from imposing a sentence outside the guidelines range. I agree with the State's assertion that the last sentence of the Court's opinion may cause uncertainty as to whether the trial court must impose a sentence within the guidelines range. I would modify the opinion as suggested by the State.