ON REHEARING
PER CURIAM.
The motion for rehearing is granted. The opinion of April 18, 1990 is withdrawn and the following opinion is substituted.
By way of cross appeal, the state argues that the trial court erred in reducing the conviction from attempted first degree murder to attempted second degree murder. We reverse.
The jury was instructed that in order to find the defendant guilty as charged it must find premeditation was proved beyond a reasonable doubt. The jury did, in fact, return a verdict of guilty of attempted first degree murder with a firearm.
At a post-trial hearing, the defendant’s counsel argued that there was only one version of events: the one put forth at trial by his client which version must therefore be accepted. The defendant also argued that there could be no premeditation because this was a domestic altercation occurring in the heat of passion. The trial judge thereupon reduced the conviction to one of attempted second degree murder.
Premeditation may be proved by circumstantial evidence. McConnehead v. State, 515 So.2d 1046, 1048 (Fla. 4th DCA 1987). The state asserts that given the radical change in the defendant’s testimony at trial when compared with her earlier statements to the police, a reasonable jury could have chosen to disbelieve her self-serving statements at trial. Walker v. *226 State, 495 So.2d 1240, 1241 (Fla. 5th DCA 1986). We agree. Immediately after the shooting, the defendant stated to the police that she shot the victim, that it was her fault and that she picked up the gun “to fire a warning shot or just for no apparent reason.” She removed the gun from its holster, and asked the victim if she wanted to play. Three witnesses testified that the two shots were fired at least five to nine seconds apart. At trial, the defendant gave a totally different version and testified that she fired the first round “in the air,” but no bullet holes were found in the ceiling. A firearms expert indicated that the gun had a heavy-trigger-pull, requiring it to be squeezed each time a bullet was fired.
The state cites the very recent case of Hampton v. State, 549 So.2d 1059 (Fla. 4th DCA 1989), wherein this court stated:
[T]he reasonableness of the defendant’s version of the case was a question for the jury. In a conviction based on circumstantial evidence, where reasonable men might differ, and where there is substantial, competent evidence to support the verdict, the issue of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine.
We agree with the state that there was substantial, competent, evidence of premeditation sufficient to support the verdict, and that the trial court abused its discretion in reducing the crime to attempted second degree murder with a firearm.
We, therefore, reverse and remand for resentencing to first degree attempted murder. In so doing, we moot the appellant’s other argument concerning enhancement by use of a firearm, because attempted first degree murder is a felony of the first degree. See § 777.04(4)(a), Fla.Stat. (1987).
REVERSE CROSS APPEAL AND REMAND; AFFIRM MAIN APPEAL.
HERSEY, C.J., LETTS and GUNTHER, JJ., concur.