604 So.2d 839 (1992)
David Edward GLENDENING, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00450.
District Court of Appeal of Florida, Second District.
May 13, 1992.
Rehearing Denied September 15, 1992.
Stuart C. Markman of Kynes & Markman, P.A., Tampa, and Larry Byrd of Byrd, *840 Dahlgaard & Combs, Sarasota, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, David Edward Glendening, challenges the trial court's denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
The appellant was charged with and convicted of the crime of sexual battery upon a child eleven years of age or younger. His conviction was affirmed. Glendening v. State, 503 So.2d 335 (Fla. 2d DCA 1987), aff'd, 536 So.2d 212 (Fla. 1988), cert. denied, 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989).
After the appellant had exhausted his direct appeals, he appropriately sought postconviction relief by filing a motion pursuant to Florida Rule of Criminal Procedure 3.850. At the conclusion of an evidentiary hearing conducted in regard to some of the issues raised by the appellant in his motion, the trial court denied relief on all of the grounds contained in the motion. The appellant filed a timely notice of appeal.
The trial court did not err by denying an evidentiary hearing on some of the issues raised by the appellant, nor did it err in its ruling on the merits of the appellant's motion. Although we summarily affirm the trial court's ruling on most of the issues raised, two of the appellant's contentions warrant further discussion.
First, the appellant contends that a witness, Ralph G. Fleming, Jr., recanted his trial testimony and that on the basis of this newly discovered evidence he is entitled to a new trial.
During the course of appellant's trial, Fleming testified that the appellant, in the presence of one Willie Flowers, admitted to him that he had committed the offense. Willie Flowers also testified at the trial that he overheard the appellant make the admission to Fleming. The testimony indicated that at the time the admission was made, the appellant, Fleming, and Flowers were all being held in the Sarasota County Jail.
At the evidentiary hearing held in connection with the appellant's rule 3.850 motion, Fleming testified and recanted the above mentioned testimony. He explained that he had lied at the trial because he had been threatened by Willie Flowers. Fleming testified that Flowers thought that he, Flowers, would receive a lighter sentence on charges pending against him in return for testifying against the appellant. Although Willie Flowers did not testify at the evidentiary hearing and recant his trial testimony, the appellant contends Flowers' testimony was so interwoven with Fleming's testimony that he established both witnesses lied at the original trial.
We reject the appellant's contention that Fleming's recantation requires a new trial on the basis of newly discovered evidence.
Although we agree with the principle that a final order procured by fraudulent testimony against a defendant in a criminal case is deserving of no protection and that due process requires a defendant be given every opportunity to expose the fraud and obtain relief from it, State v. Glover, 564 So.2d 191 (Fla. 5th DCA 1990), an appellant is not automatically entitled to a new trial if a witness recants his testimony.
A motion for a new trial is addressed to the sound judicial discretion of the trial court and unless an abuse of discretion is clearly shown, the action of the trial court in this respect will not be disturbed. Mitchell v. State, 493 So.2d 1058 (Fla. 1st DCA 1986). The appellant has not clearly shown that the trial court abused its discretion in this case.
When considering a motion for new trial based upon newly discovered evidence, the court must first make a determination at the hearing on the motion for new trial that the witness is testifying truthfully in recanting earlier testimony. Once a court makes the determination that the witness is testifying truthfully in recanting earlier *841 testimony, the court must then determine whether this changed testimony would probably result in a different verdict at a new trial. Mitchell. In Jones v. State, 591 So.2d 911 (Fla. 1991), the supreme court receded from prior decisions and held that in order to provide relief in newly discovered evidence claims, the newly discovered evidence must be of such a nature that it would probably produce an acquittal on retrial. Prior to Jones, the court had held that such evidence must be of such a vital nature that if it had been known to the court, it conclusively would have prevented the entry of the judgment. Hallman v. State, 371 So.2d 482 (Fla. 1979).
The appellant contends that the trial court applied the prior standard in denying the motion. This argument presupposes that the court determined that the witness was testifying truthfully in recanting the trial testimony. The state, however, contends that the court did not believe Fleming and that even if it did, there was sufficient evidence to warrant a finding that the removal of Fleming's statement at a new trial would not have probably resulted in an acquittal.
The trial court's order did not state the basis for the denial of the motion but the record reflects sufficient evidence to support a finding that the witness was not testifying truthfully when the trial testimony was recanted. The appellant contends that the evidence shows that the recanted testimony was shown to be reliable because the state presented no evidence to contradict that Fleming had been pressured to lie because he was threatened by Flowers, and Flowers said he would get a lighter sentence. The evidence at the evidentiary hearing, however, reflects that Fleming testified at trial that the appellant made the statement. Fleming then gave sworn testimony to the contrary. Subsequently, Fleming once again gave sworn testimony saying the statement was made. Then at the evidentiary hearing, Fleming once again testified that the statement was not made. It is the trial court's duty to determine the credibility of the witness, and in this case, we cannot say that it erred if it did not believe the witness.
However, even if the court did believe the witness, a review of the record indicates that the trial court did not abuse its discretion if the motion was denied on the alternative ground that the appellant did not establish that if the recanted testimony was removed from the proceedings a different verdict would probably result at a new trial. Jones; Mitchell.
We next consider the appellant's contention that a Brady violation requiring a new trial occurred when the state did not inform the appellant that Willie Flowers was rewarded for testifying against the appellant.
The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Impeachment as well as exculpatory evidence falls within the Brady rule. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).
At the appellant's trial, Flowers testified that he was not given any money or other benefit to testify against the appellant. The appellant contends that a deal was made between the state and Flowers that he would receive a certain sentence if he testified against the appellant. If the appellant had established this at the evidentiary hearing, we would be required to determine if the trial court erred by not holding such evidence was material, was known by the prosecution and not revealed, and if disclosed would have, within a reasonable probability, resulted in a different verdict. Bagley.
The record does not reflect, however, that the trial court was required to make this finding. Although the judgment and sentence entered in connection with the case pending against Flowers indicates that he was required to testify truthfully at appellant's trial, the state's evidence supported *842 a finding that he did not receive a reward for this testimony. Flowers did not testify at the evidentiary hearing. The state presented evidence that neither Flowers nor Fleming were rewarded for their testimony and that the sentences imposed upon them were proper. Based upon the evidence presented, the trial court properly held that no Brady violation occurred, and we, therefore, do not decide whether a new trial was required for that alleged violation.
In regard to those issues which were not discussed in detail, as previously mentioned, we affirm the trial court's denial of relief.
Affirmed.
SCHOONOVER, C.J., DANAHY, J., and CASE, JAMES R., Associate Judge, concur.