616 So.2d 1041 (1993)
Mary STONE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1573.
District Court of Appeal of Florida, Fourth District.
March 17, 1993.
Rehearings and Reconsideration Denied May 19, 1993.
*1042 Michael D. Gelety, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
POLEN, Judge.
Mary Stone brings this appeal from the trial court's denial of her Motion for New Trial on the ground of newly discovered evidence, pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
Appellant was charged with attempted first degree murder of Francine Todd, her roommate. Ms. Stone appealed her conviction and seven-year sentence to this court; the state cross-appealed the trial court's reduction of appellant's conviction to attempted second degree murder. We reversed and remanded with directions to the trial court to reinstate the jury verdict of attempted first degree murder, as we found substantial, competent evidence of premeditation in the record to support the jury verdict. See Stone v. State, 564 So.2d 225 (Fla. 4th DCA 1990).
The record before us demonstrates that the trial court's denial of appellant's motion for a new trial is premised on the trial court's finding that the alleged newly discovered evidence, which comes in the form of Francine Todd's affidavit stating that she has a new recollection of the incident, lacks credibility. The trial court's order, entered on April 3, 1991, states in pertinent part:
THE COURT having considered the grounds for the motion, reviewed the pleadings and considered the applicable law in addition to the testimony and evidence from the evidentiary hearing of February 1, 1991, finds as follows:
1. That a review of all the proceedings in this case would reveal that Francine Todd is a person whose credibility and competency is subject to question. As a result, the letter submitted to the court as conclusive new evidence requiring a new trial must be called into question.
2. Due to the conflict between the letter allegedly written by Francine Todd, submitted by the State, in addition to the lack of credibility of this witness, fails to show that his "newly discovered evidence" would have conclusively precluded the entering of a guilty verdict in this case. Hallman v. State, 371 So.2d 482 (Fla. 1979); see also Hammerstone [Hammerstons] v. State, 576 So.2d 944 (Fla. 2d DCA 1991).
At the time the trial court ruled on appellant's motion, the Hallman standard applied to motions for new trial on the ground of newly discovered evidence. Since the ruling on this matter, however, the supreme court has held that, "henceforth, in order to provide relief, the newly discovered evidence must be of such nature that it would probably produce acquittal on retrial." Jones v. State, 591 So.2d 911, 915 (Fla. 1991) (emphasis added). Moreover, in light of Smith v. State, 598 So.2d 1063, 1066 (Fla. 1992), we must give retroactive application to this new standard. The question we must answer, therefore, is whether Francine Todd's new testimony would probably result in appellant's acquittal on retrial, in light of the evidence presented at trial and at the hearing on appellant's motion for new trial. We hold that it would not.
During appellant's jury trial, it was the state's position that Francine Todd had no recollection of the events that led up to the *1043 shooting. A neurosurgeon's testimony corroborated this fact. Thus, Ms. Todd's testimony could not have contributed in any manner to appellant's conviction. The record demonstrates that the jury convicted appellant of attempted first degree murder based on appellant's own admissions, as well as the strong physical evidence the State presented.
In support of her motion for new trial, appellant attached an affidavit from Francine Todd in which Ms. Todd states that she now recalls the events that led up to the shooting; she recalls that she (Todd) provoked a fight between appellant and Todd and that appellant could have believed that Todd could kill her with her bare hands. Todd further stated that she believed appellant never intended to kill her. In Todd's current opinion, the shooting was accidental.[1] At the hearing on appellant's motion for new trial, the court heard the testimony of two assistant state attorneys, Ms. Tanner-Otts and Mr. McLane, Jack Stone (appellant's father), and appellant. This testimony cast serious doubt regarding Francine Todd's affidavit.
Tanner-Otts testified that she was the prosecutor on appellant's case. According to Tanner-Otts, Todd telephoned her several times following the trial. In the majority of those calls, Todd expressed concern that appellant was released on bond. Sometime after appellant's sentencing, Todd told Tanner-Otts that she was going to recommend leniency for appellant. Tanner-Otts recalled that during one of these calls, Todd remarked that she might be able to get her memory back.
Mr. McLane testified that Todd called him on October 17, 1990, and was upset that appellant was released on bond. According to McLane, Todd wanted to know if the bond could be revoked so appellant could begin serving her time. Todd indicated that she was upset with the prosecution and that she would cooperate no longer. Todd stated that she was considering accepting an offer from appellant's father, whom she claimed would buy her a car and insurance if Todd would provide testimony favorable to appellant.
Jack Stone, appellant's father, provided a sworn statement on October 24, 1990. He testified that a year earlier, appellant had asked him if Todd could stay with the Stone family for a few days. Todd, however, ended up staying with them for a year. Mr. Stone testified that one night, Todd claimed that she regained her memory and that she felt she could do appellant a lot of good if it were made worth her while. According to Mr. Stone, Todd stated that if he gave her a car, she would tell the assistant state attorney that the argument was her fault and that she had provoked appellant. Todd then stated that she could also make things tough for appellant. Mr. Stone stated that he called defense counsel and suggested that counsel speak with Todd to determine what she could do for his daughter.
Also on October 24, 1990, appellant provided a sworn statement in which she claimed that Todd contacted her in March, 1989, and stated that she did not want appellant to go to jail. According to appellant, Todd told appellant that she would speak on appellant's behalf and say that appellant did not mean to kill her if appellant would get her a car and some money. Toward the end of August, Todd also told her that she had an appointment with Ms. Tanner-Otts and that if appellant did not provide her with cash and a car, she would make a statement against appellant to ensure that appellant went to prison. Todd also threatened to tell Tanner-Otts that appellant had attempted to bribe her into making a favorable statement.
A motion for new trial is addressed to the sound discretion of the trial court. Unless the appellant can clearly show an abuse of discretion, the trial court's action will not be disturbed. Glendening v. State, 604 So.2d 839, 840 (Fla. 2d DCA 1992). Moreover,
[w]hen considering a motion for new trial based upon newly discovered evidence, the court must first make a determination at the hearing on the motion for *1044 new trial that the witness is testifying truthfully in recanting earlier testimony. Once a court makes the determination that the witness is testifying truthfully in recanting earlier testimony, the court must then determine whether this changed testimony would probably result in a different verdict at a new trial.
Id. at 840-41 (citations omitted) (emphasis added). In Glendening, the appellant alleged the trial court had applied the prior standard when it ruled on the motion for new trial; to this contention the district court responded that this argument "presupposes that the court determined that the witness was testifying truthfully in recanting the trial testimony." Id. at 841.[2] In the instant appeal, it is clear the trial court did not believe Francine Todd's affidavit was truthful in light of the evidence presented at the hearing on appellant's motion for rehearing and the trial. It is the trial court's responsibility to determine the credibility of a witness; in this case, we cannot state that the court abused its discretion when it found that Ms. Todd lacked credibility. As a result, the fact that the trial court applied the Hallman standard does not necessitate remand for application of the new standard. Glendening.
Accordingly, the trial court's order is affirmed.
HERSEY, J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
I would reverse for the trial court's reconsideration by applying Jones.
NOTES
[1] At trial, appellant advanced the incompatible defenses of self-defense and accidental shooting.
[2] In Glendening, the trial court's order did not state a basis for denying the motion for new trial, but the appellate court found that the record reflected "sufficient evidence to support a finding that the witness was not testifying truthfully when the trial testimony was recanted." Id. at 841.