FRANK, Acting Chief Judge.
Paul Lewis petitioned the circuit court for a writ of error coram nobis after he complet *1187 ed his sentence for possession and delivery of cocaine.[1] The trial court denied the petition after receiving the sworn statement of the key witness at trial recanting her testimony that she purchased cocaine from Mr. Lewis. No other evidence was presented at the evi-dentiary hearing. The trial judge stated that he was denying the petition because he heard the witness’s testimony at the jury trial, did not believe her to be a credible witness and could find no reason now to believe her. We reverse.
The witness’s sworn statement recanting her trial testimony constitutes newly discovered evidence and the trial court must assess whether it is of such a nature that it would probably produce an acquittal at trial. See Jones v. State, 591 So.2d 911 (Fla.1991). In determining whether a new trial should be granted based on recanted testimony, the trial court must first determine if the recanting witness is testifying truthfully in the recantation. Once the trial court makes that determination, it must then consider whether the new testimony would likely result in a different verdict at a new trial. See Glendening v. State, 604 So.2d 839 (Fla. 2d DCA 1992).
The trial court concluded that the witness was not credible, but there is no evidence in the record to support that determination. Although the witness was available to testify at the coram nobis hearing, the trial court did not permit Mr. Lewis’s counsel to present that witness’s testimony. Thus, there was no opportunity for the trial court to evaluate the witness’s demeanor. Furthermore, the trial court did not express its reasons for concluding that it did not believe the witness’s statements. It merely refers to her unexplicated background. Within that setting, we cannot conclude there was an evidentiary basis supporting the trial court’s credibility determination. We also note that the trial court did not state whether the changed testimony was capable of producing a different verdict at a new trial.
Accordingly, we reverse and remand for the trial court to consider Lewis’s petition in accordance with Glendening.
PATTERSON and CASANUEYA, JJ., Concur.

. Although Mr. Lewis failed first to obtain permission from this court to seek coram nobis relief, normally an essential ingredient in that kind of proceeding, the State failed to raise this issue with the trial court. Because the trial court has subject matter jurisdiction to determine such petitions, the State waived its objection. If Mr. Lewis had come to this court first, we would have granted leave to file the petition.