773 So.2d 622 (2000)
Milton MURRAH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-3390.
District Court of Appeal of Florida, First District.
December 12, 2000.
*623 Appellant, pro se.
Robert A. Butterworth, Attorney General; James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Milton Murrah appeals an order denying his motion for post-conviction relief alleging newly discovered evidence, viz., videotaped recantations of his accusers' trial testimony. After viewing the videotape, the trial court denied the motion without holding an evidentiary hearing, and without attaching any supporting documentation. We reverse and remand either for attachment of portions of the record conclusively refuting Mr. Murrah's claims of newly discovered evidence warranting a new trial or for an evidentiary hearing.
A claim that a witness has recanted his or her testimony is cognizable under Florida Rule of Criminal Procedure 3.850. See Roberts v. State, 678 So.2d 1232, 1235 (Fla.1996). A motion alleging recantation must be "filed within two years of the time when [the] statement could have been discovered through the exercise of due diligence." Swafford v. State, 679 So.2d 736, 739 (Fla.1996). When, as here, the motion is timely, summary denial is rarely appropriate if the trial court needs to assess the credibility of the new testimony. See Robinson v. State, 736 So.2d 93, 93 (Fla. 4th DCA 1999). A timely motion filed under Rule 3.850 can be denied without an evidentiary hearing only if the record conclusively refutes the allegations made in the motion.
Post-trial recantations by state witnesses are a species of newly discovered evidence. See, e.g., Robinson v. State, 707 So.2d 688, 691 & n. 4 (Fla.1998); State v. Spaziano, 692 So.2d 174, 176-77 (Fla. 1997); Lewis v. State, 725 So.2d 1186, 1187 (Fla. 2d DCA 1998) ("The witness's sworn statement recanting her trial testimony constitutes newly discovered evidence and the trial court must assess whether it is of such a nature that it would probably produce an acquittal at trial."); Cammarano v. State, 602 So.2d 1369, 1370 (Fla. 5th DCA 1992) ("Recanted testimony is treated the same as a claim of newly discovered evidence when raised in a rule 3.850 motion.").
To prevail on a claim of newly discovered evidence, a movant must first show that the evidence was not known to him in fact, and could not have been discovered with due diligence, by the time of trial. See Robinson v. State, 770 So.2d 1167 (Fla.2000); Correll v. State, 698 So.2d 522, 523 (Fla.1997); Jones v. State, 591 So.2d 911, 916 (Fla.1991). Upon such a showing, the trial court must decide whether the newly discovered evidence would likely result in acquittal on retrial. See Robinson, 770 So.2d at 1170; Spaziano, 692 So.2d at 176; Jones, 591 So.2d at 915 ("[I]n order to provide relief, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial.").
Mr. Murrah was convicted of two counts of lewd and lascivious assault upon children under the age of sixteen and two counts of sexual battery upon (the same two) children who were also under the age of twelve. His motion for post-conviction relief alleges that the trial court had ordered the appointment of an attorney to review the videotape of the children's recantations; that the videotape depicted the victims asserting that they had lied at trial and that Mr. Murrah never sexually abused them; and that the attorney appointed by the trial court to look at the videotape had recommended that the trial *624 court grant a new trial. The motion specifically requested a hearing at which the victims could be subpoenaed to testify.
Without holding an evidentiary hearing, the trial court entered an order on July 23, 1999, denying Mr. Murrah's motion for post-conviction relief. The order stated:
The credibility of the recantation must be questioned. The interview was conducted by a family friend, ... with the victims' older brother and sister-in-law,... in the room during the questioning. The presence of only those particular persons made the situation stressful and coercive for the victims.
In addition, the interview of the victims included very suggestive and leading questions....
Another factor influencing the amount of credibility given to the tape was the fact that the videotape was stopped on at least two occasions and the video itself appeared to be rehearsed or staged.
The trial court also decided that, even if the statements in the videotape were true, the remaining evidence would make an acquittal on retrial unlikely.
Courts view recantations with understandable suspicion and properly subject them to exacting scrutiny. As the Florida Supreme Court has explained,
[r]ecantation by a witness called on behalf of the prosecution does not necessarily entitle a defendant to a new trial. Brown v. State, 381 So.2d 690 (Fla.1980), cert. denied, 449 U.S. 1118, 101 S.Ct. 931, 66 L.Ed.2d 847 (1981); Bell v. State, 90 So.2d 704 (Fla.1956). In determining whether a new trial is warranted due to recantation of a witness's testimony, a trial judge is to examine all the circumstances of the case, including the testimony of the witnesses submitted on the motion for the new trial. Bell. "Moreover, recanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true. Especially is this true where the recantation involves a confession of perjury." Id. at 705 (quoting Henderson v. State, 135 Fla. 548, 561, 185 So. 625, 630 (1938) (Brown, J., concurring specially)). Only when it appears that, on a new trial, the witness's testimony will change to such an extent as to render probable a different verdict will a new trial be granted. Id.

Armstrong v. State, 642 So.2d 730, 735 (Fla.1994); see Robinson, 707 So.2d at 691; Spaziano, 692 So.2d at 177. If a trial court finds, after conducting an evidentiary hearing, that the new testimony is not likely to result in an acquittal on retrial, retrial is properly denied.
Here, without the videotape, the finding that the children's recantation was not credible cannot be meaningfully reviewed. Nor did the trial court attach any portion of the trial transcript to support its conclusion that other evidence adduced at the original trial made it unlikely that the newly discovered evidence would result in an acquittal on a new trial. See Thompson v. State, 626 So.2d 967, 968 (Fla. 1st DCA 1993). The absence of relevant portions of the trial transcript precludes meaningful review of this ground for decision.
Accordingly, we reverse the order insofar as it denies Mr. Murrah's claim for relief on account of newly discovered evidence and remand for the attachment of record refutation or for an evidentiary hearing.
JOANOS and WOLF, JJ., CONCUR.