SHARP, W., J.
Montgomery appeals from a denial of his motion for post-conviction relief, after the trial court conducted an evidentiary hearing. He claimed newly discovered evidence entitled him to a new trial because Anton Gardner, his nephew and a state witness, had recanted the testimony he gave at trial. We affirm.
The standard for reviewing recantation of testimony as grounds for a new trial is to deny relief unless the trial court is satisfied the recantation testimony is true. State v. Spaziano, 692 So.2d 174, 177 (Fla. 1997); Armstrong v. State, 642 So.2d 730, 735 (Fla.1994). In this case it was alleged [1] that the trial court heard testimony from three witnesses who allegedly pressured Gardner to perjure himself or who knew about his perjury. They contradicted Gardner’s testimony. In addition, the trial court allegedly reviewed a letter written by Gardner to Raul Zambrano which was inconsistent with his recantation testimony. The trial court obviously found any recantation testimony by Gardner not to be credible and found that there was ample competent evidence to support his conclusion. Montgomery has failed to show an abuse of discretion. Spaziano; Jent v. State, 408 So.2d 1024 (Fla.1981); Stone v. State, 616 So.2d 1041, 1043 (Fla. 4th DCA 1993).
We also find Montgomery’s other claims to be without merit.[2]
AFFIRMED.
HARRIS and PLEUS, JJ., concur.

. There was no transcript of this hearing, but the parties agreed upon certain facts on appeal.

. These claims were: that the trial court erred in permitting testimony of an unidentified witness which was contrary to evidence presented at trial, or that his conviction rested on uncorroborated evidence; that he was denied due process when the trial judge allowed the case to go to the jury absent any evidence other than that given by Gardner; and that he was denied his Sixth Amendment right to effective assistance of counsel by defense counsel's failure to sufficiently investigate Gardner to detect his perjury.