WEBSTER, J.
In this direct criminal appeal, appellant seeks review of his convictions, entered following a jury trial, of sexual battery upon a child 12 or older without the child’s consent and child abuse by impregnating a child younger than 16. He argues that the trial court committed reversible error when (1) during trial it permitted the state to introduce into evidence a copy of the alleged victim’s child’s birth certificate naming appellant as the child’s father; and (2) following trial it denied a motion for new trial notwithstanding the victim’s recantation of her testimony that the sexual intercourse had been without her consent, an essential element of the sexual battery offense of which appellant was found guilty. We affirm as to the first issue because, if error, it was harmless to the exclusion of all reasonable doubt. However, because we conclude that the trial court should have granted a new trial as to the sexual battery conviction, we are constrained to reverse that conviction with directions that the trial court now do so. *631 We leave appellant’s child abuse conviction undisturbed.
Appellant was charged in a three-count amended information with (1) sexual battery upon a person 12 or older, but less than 18, by a person in a position of familial or custodial authority in violation of section 794.011(8)(b), Florida Statutes (2000); (2) lewd or lascivious battery in violation of section 800.04(4)(a), Florida Statutes (2000); and (3) child abuse by impregnating a child younger than 16 in violation of section 827.04(3), Florida Statutes (2000). At trial, the alleged victim testified that, when she was 15, appellant (who was married to her mother) forced her to have sex with him, and that a child was born as a result. Also during trial, a birth certificate for the alleged victim’s child, naming appellant as the father of the child, was admitted into evidence over appellant’s objection. An expert in forensic DNA analysis testified that, based on testing of samples received from appellant, the alleged victim and the alleged victim’s child, the likelihood that someone other than appellant was the child’s father was 1 in 780 million. Similarly, an expert in population genetics testified that the probability that appellant was not the child’s father was .000006 percent. The jury ultimately returned a verdict finding appellant guilty of the lesser offense of sexual battery on a child 12 or older without the child’s consent in violation of section 794.011(5), Florida Statutes (2000), as to the first count, and as charged as to the second and third counts.
Appellant subsequently timely moved for a new trial, asserting that the alleged victim had committed perjury when she testified that the intercourse with appellant had been non-consensual. At a subsequent hearing, the alleged victim testified that her sexual relations with appellant had been consensual. The trial court found that the alleged victim had committed perjury at trial; held her in contempt of court for that perjury; and sentenced her to three months in jail. However, concluding that the perjury did not “sufficiently undermine[ ] the jury verdict,” the trial court denied the motion for new trial. It then sentenced appellant as to the sexual battery and child abuse counts; and dismissed the lewd or lascivious battery count on appellant’s motion, based on double jeopardy, without objection from the state. This appeal follows.
Appellant first argues that the trial court should not have admitted the alleged victim’s child’s birth certificate, which named appellant as the father. The state’s expert in forensic DNA analysis testified that the likelihood that another individual was the child’s father was 1 in 780 million, and its expert in population genetics testified that the probability that appellant was not the child’s father was .000006 percent. Given that evidence, to the extent admission of the birth certificate may arguably have been error, we are satisfied to the exclusion of all reasonable doubt that the error did not affect the verdict. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). See also Goodwin v. State, 751 So.2d 537 (Fla.1999) (reaffirming that the DiGuilio test applies in criminal appeals to both constitutional and non-constitutional error).
Appellant next argues that, given the alleged victim’s admitted perjury regarding whether her sexual relations with appellant were consensual, the trial court committed reversible error when it denied a motion for new trial as to the sexual battery conviction. Appellant’s new trial motion was premised on Florida Rule of Criminal Procedure 3.600(a)(3), which requires the court to grant a new trial if “[n]ew and material evidence, which, if introduced at the trial would probably have *632 changed the verdict or finding of the court, and which the defendant could not with reasonable diligence have discovered and produced at the trial, has been discovered.” Here, neither the trial court nor the state has suggested that the alleged victim’s recantation could have been discovered and produced at the trial. See generally Burns v. State, 858 So.2d 1229 (Fla. 1st DCA 2003) (explaining why recanted testimony generally qualifies as “newly discovered evidence” for purposes of a new trial request). Rather, the trial court concluded that the perjurious testimony did not “sufficiently undermine[] the jury verdict,” and the state argues that such a conclusion does not constitute an abuse of discretion.
As the state correctly notes, our standard of review is whether the trial court abused its discretion in denying the motion for new trial. See, e.g., State v. Spaziano, 692 So.2d 174, 177 (Fla.1997) (citing, among other cases, Jent v. State, 408 So.2d 1024, 1031 (Fla.1981)); McCallum v. State, 559 So.2d 233, 235 (Fla. 5th DCA 1990). As our supreme court explained in Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla.1980), this standard of review requires that we apply a “ ‘reasonableness’ test” — “If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.” Id. at 1203.
Because a motion such as appellant’s is addressed to the trial court’s sound discretion, “[rjecantation by a witness called on behalf of the prosecution does not necessarily entitle a defendant to a new trial.” Armstrong v. State, 642 So.2d 730, 735 (Fla.1994). In reaching a decision, the trial court should consider all of the circumstances of the case, including the recantation. Id. It should deny the motion if it is not satisfied that the recantation is true. Bell v. State, 90 So.2d 704, 705 (Fla.1956) (quoting from Henderson v. State, 135 Fla. 548, 561, 185 So. 625, 630 (1938)). However, a new trial should be granted “when it appears that, on a new trial, the [recanting] witness’s testimony will change to such an extent as to render probable a different verdict.” Armstrong, 642 So.2d at 735.
It is clear that the trial court believed the alleged victim’s recantation, as the state correctly concedes. It is equally clear (as the state again correctly concedes) that lack of consent is an essential element of the offense set out in section 794.011(5), Florida Statutes (2000). Nevertheless, the trial court denied appellant’s motion seeking a new trial without elaboration, other than to state that the alleged victim’s perjury at trial did not “sufficiently undermine[] the jury verdict.” We have carefully reviewed the record, and have been unable to find any evidence other than the alleged victim’s perjurious testimony which might have permitted the jury to find appellant guilty of a violation of section 794.011(5). Because it appears to us that reasonable men could not differ as to the conclusion that the alleged victim’s changed testimony would probably result in a different verdict as to that charge if a new trial were granted, we hold that the trial court abused its discretion when it denied the motion seeking a new trial as to that charge.
The state argues that, should we hold that the trial court abused its discretion, the appropriate remedy would be to remand with directions to vacate the sexual battery conviction, and to reinstate the conviction for lewd or lascivious battery which the trial court had dismissed on double jeopardy grounds. However, the only authority the state offers in support of this argument consists of cases where courts have reversed convictions because insufficient evidence of an element was *633 presented, and remanded with directions that the trial court enter judgment for a lesser-included offense. As appellant correctly points out, such cases would not support the action urged by the state because the lewd or lascivious battery charged in count two is not a lesser-included offense of that set out in section 794.011(5). Moreover, the propriety of the jury’s verdict as to the lewd or lascivious battery charge and of the trial court’s subsequent dismissal of that charge is not now before us. Accordingly, we agree with appellant that the state’s argument in this regard is better left for presentation to the trial court on remand.
In summary, we reverse appellant’s conviction of sexual battery upon a child 12 or older without the child’s consent in violation of section 794.011(5), Florida Statutes (2000), and remand for a new trial on that charge. In all other respects, we affirm.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
VAN NORTWICK and LEWIS, JJ., concur.