943 So.2d 325 (2006)
James INGRAM, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2158.
District Court of Appeal of Florida, Fourth District.
December 13, 2006.
*326 Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
This is an appeal by James Ingram from his conviction and sentence following a jury trial on the charges of burglary of a dwelling with a battery and grand theft of property of at least ten thousand dollars but less than twenty thousand dollars in value. We affirm appellant's conviction but reverse his sentence and remand for resentencing.
Appellant raises three issues on appeal. As his first issue, appellant urges that the trial court erred in denying his motion to suppress. Secondly, he argues that the trial court committed error in denying his motion for new trial.
In his motion to suppress, appellant argues that his statement given to the police officer was not freely and voluntarily given, because he refused to sign the Miranda[1] rights waiver form and eventually refused to answer any questions. He also argued that there was no valid waiver of Miranda rights and nothing in writing memorializing a Miranda rights waiver.
The State argues that the trial court did not err because there was sufficient evidence for the trial judge to find that appellant freely and voluntarily waived his right to remain silent and agreed to speak although he did not sign the rights waiver form or agree to be taped while giving his statement.
In denying the motion to suppress, the trial court found that appellant's waiver of his rights was voluntary, in the sense that it was the product of free and deliberate choice rather than by intimidation, coercion, or deception. The trial court also found that appellant was fully aware he was waiving his rights. We agree and affirm the trial court's ruling on the motion to suppress.
*327 Appellant's next issue is that the trial court erred in denying his motion for new trial based on the trial court allowing bad character evidence by the suggestion that appellant "could be a drug guy" and that his friend was a drug dealer. We affirm as to this issue based on the holding in Glendening v. State, 604 So.2d 839, 840 (Fla. 2d DCA 1992): "A motion for a new trial is addressed to the sound judicial discretion of the trial court and unless an abuse of discretion is clearly shown, the action of the trial court in this respect will not be disturbed." See also Mitchell v. State, 493 So.2d 1058 (Fla. 1st DCA 1986).
As to his third issue on appeal, appellant alleges the trial court erred in designating and sentencing him as a prison releasee reoffender on Count I (burglary of a dwelling with a battery) and in sentencing him to ten years imprisonment on Count II (grand theft) without a habitual offender designation.
We affirm as to Count I on the authority of this court's en banc opinion in Yisrael v. State, 938 So.2d 546 (Fla. 4th DCA 2006), and its opinion in Corker v. State, 937 So.2d 757 (Fla. 4th DCA 2006). As in Yisrael and Corker, we certify conflict with Gray v. State, 910 So.2d 867 (Fla. 1st DCA 2005).
Appellee concedes that appellant's ten-year sentence on Count II was erroneous without a habitual offender designation. We agree.
At the trial level, appellee had requested appellant be sentenced as a habitual felony offender on Count II. Appellant was charged in Count II with grand theft, which is a third-degree felony. § 812.014(2)(c)3, Fla. Stat. (2003). A third-degree felony is punishable by imprisonment not exceeding five years. § 775.082(3)(d), Fla. Stat. (2003). Appellant was sentenced to ten years for a third-degree felony on Count II to run concurrently with Count I. The sentence on a third-degree felony may be increased to a term of years not exceeding ten if the offender is designated a habitual felony offender. § 775.084(4)(a)3, Fla. Stat. (2003). The trial court did not designate appellant as a habitual felony offender.
In order to enhance a sentence, the trial court has the ministerial duty of first determining if the defendant qualifies as a habitual felony offender and then it must decide if the defendant will be sentenced as a habitual felony offender. King v. State, 681 So.2d 1136, 1138 (Fla.1996), receded from on other grounds, Carter v. State, 786 So.2d 1173 (Fla.2001); § 775.084(3), Fla. Stat. The trial court did neither of the above.
As a result, the sentence on Count II should be reversed and remanded to the trial court for resentencing. Puskac v. State, 872 So.2d 1008 (Fla. 4th DCA 2004), quashed on other grounds, No. SC04-988, 2006 WL 2827606, ___ So.2d ___ (Fla. Oct. 5, 2006).
Affirmed in Part; Reversed in Part and Remanded for Resentencing.
GROSS and HAZOURI, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).