ON REMAND FROM THE SUPREME COURT OF FLORIDA
 

 PER CURIAM.
 

 We reconsider on remand our opinion in
 
 Ingram v. State,
 
 943 So.2d 325 (Fla. 4th DCA 2006), which the Florida Supreme Court reviewed in
 
 Ingram v. State,
 
 No. SC06-2469, 7 So.3d 531, 2009 WL 702877 (Fla. Mar. 19, 2009).
 

 Ingram argued to this court, among other things, that the trial court erred in designating and sentencing him as a prison release reoffender (“PRR”) on Count I (burglary of a dwelling with battery). 943 So.2d at 327. This court affirmed as to Count I based on our en banc opinion in
 
 Yisrael v. State,
 
 938 So.2d 546 (Fla. 4th DCA 2006). In
 
 Yisrael,
 
 this court held that, during sentencing, a DOC release-date letter was admissible, under the public records exception to the hearsay rule, to establish a defendant’s status as a habitual violent felony offender.
 
 Id.
 
 at 549-50.
 

 The Florida Supreme Court, however, in
 
 Yisrael v. State,
 
 993 So.2d 952 (Fla.2008), concluded that DOC release-date letters alone are not admissible under either the business or public records exceptions to the hearsay rule.
 
 Id.
 
 at 960. Instead, the supreme court held that a signed release
 
 *658
 
 date-letter, written under seal, or a section 90.902(11) business record certification, may be used to authenticate an attached DOC “Crime and Time Report” to render the entire report admissible under the public records exception to the hearsay rule.
 
 Id.
 
 (citing
 
 Parker v. State,
 
 973 So.2d 1167, 1168-69 (Fla. 1st DCA 2007); § 90.902(11), Fla. Stat.2004).
 

 Following the disposition of
 
 Yisrael,
 
 the supreme court issued an order in this case directing the State to show cause why the supreme court should not remand for reconsideration in light of its decision in
 
 Yisrael.
 
 In response, the State asserted that documents submitted during sentencing complied with the supreme court’s
 
 Yis-rael
 
 decision. Because the full appellate record was not before the supreme court, the court granted Ingram’s petition for review, quashed our decision, and remanded this case to this court for reconsideration in light of
 
 Yisrael.
 

 We have reviewed the full appellate record, and it appears that the State, at sentencing, supplied the trial court with a signed release date-letter, written under seal, to authenticate an attached DOC “Crime and Time Report” upon which the trial court based Ingram’s PRR sentence on Count I. Accordingly, we now affirm Ingram’s PRR designation and sentence on Count I consistent with the supreme court’s opinion filed March 19, 2009, and mandate issued April 14, 2009. However, pursuant to our opinion issued December 13, 2006, we remand for resentencing on Count II (grand theft). 943 So.2d at 327.
 

 GROSS, C.J., HAZOURI and GERBER, JJ., concur.