ROBERTS, J.
The Appellant appeals his conviction for burglary with a firearm, arguing that the judgment below should be reversed because the trial court denied a motion for new trial without allowing an evidentiary hearing to determine the credibility and materiality of an unsworn post-trial letter authored by the alleged victim. We affirm.
The facts as gleaned from the testimony ■ of the Appellant and the victim are as follows. The Appellant and the victim had a close relationship, which extended to celebrating holidays together and living together. The victim testified that the Appellant was not allowed to enter the storage unit without him, and the Appellant took the guns without permission. The Appellant told him he had sold the guns so the victim gave him $300 to buy the guns back. The Appellant eventually returned the AK-47 and the .44 Magnum revolver.
The Appellant testified that during November 2011, the victim became increasingly violent, and he became afraid of the *695 victim. He further testified that on November 15, 2011, the Appellant broke into the victim’s storage unit with the intention of taking the victim’s guns to ensure that the victim would not use them on himself or others. The Appellant took a BB gun, an AK-47, a .22 caliber rifle, and a .44 Magnum revolver from the storage unit. The following day, the Appellant told the victim what he had done, and they agreed to meet so the Appellant could return the guns. The Appellant returned the .22 caliber rifle, the AK-47, and the .44 Magnum revolver.
The Appellant was found guilty. A month later, the victim wrote a letter to the trial court stating that, he “suddenly remembered that [the Appellant’s] intent may have been motivated by- something more benign than what has transpired during the trial,” and “in this instance, his intentions may have been much more benign than it appears.” He also wrote, “The only explanation for [the Appellant] to remove the guns from the storage room may have been his desire to protect me from my own self.”
The Appellant then filed a motion for new trial and argued that the letter qualified as newly discovered evidence, which required an evidentiary hearing. After hearing arguments from both parties at a hearing on the motion for new trial, the trial court denied the motion for new trial, holding that the letter did not qualify as newly discovered evidence because nothing in the letter was a recantation of the victim’s trial testimony and there was nothing in the letter that was unknown to the Appellant at the time of the trial.
The denial of a motion for new trial is reviewed for abuse of discretion. Hubbard v. State, 912 So.2d 629, 632 (Fla. 1st DCA 2005).
The Florida Supreme Court has established a two-prong standard to use when a newly discovered evidence claim is raised. Aguirre-Jarquin v. State, 9 So.3d 593, 603 (Fla.2009) (citing to Jones v. State, 709 So.2d 512, 521 (Fla.1998)). First, the evidence must be newly discovered. Aguirre-Jarquin, 9 So.3d at 603. Second, the evidence must be material. Id. To be material, the evidence must “be of such a nature that it would probably produce an acquittal on retrial.” Id. (quoting Jones, 709 So.2d at 521).
Post-trial recantations by state witnesses are a type of newly discovered evidence. Murrah v. State, 773 So.2d 622, 624 (Fla. 1st DCA 2000). To qualify as newly discovered evidence, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Jones, 709 So.2d at 521. Here, any evidence in the victim’s letter was known to the parties, and as such, it did not qualify as newly discovered evidence.
Additionally, the evidence in the letter was not material. When determining whether the evidence would likely result in an acquittal, the court looks at whether the evidence goes to the merit of the case or whether it constitutes impeachment evidence. Murrah, 773 So.2d at 622. Here, the letter constitutes impeachment evidence because it could have been used to call into question the credibility of the victim’s testimony. See § 90.608(1), Fla. Stat. (2012) (a witness may be impeached by introducing statements of the witness that are inconsistent with his or her present testimony). To probably produce an acquittal, the letter would have to contain evidence that disproved one of the elements of burglary with a firearm. To prove the crime of burglary, the State had *696 to show (1) the Appellant entered a structure owned by the victim; (2) at the time of entering the structure, the Appellant had intent to commit an offense; and (3) the Appellant was not permitted to enter the structure. § 812.02(l)(b), Fla. Stat. (2012). The letter did not recant any of the victim’s testimony that established the elements of the crime. Because this letter is not a recantation, it cannot qualify as newly discovered evidence and, as such, the trial court did not abuse its discretion.
WOLF, J., concurs with opinion.
MAKAR, J., dissents with opinion.