NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


PATRICK JAY BANKS,                        )
                                          )
      Appellant/Cross-Appellee,           )
                                          )
v.                                        )     Case No. 2D17-3206
                                          )
STATE OF FLORIDA,                         )
                                          )
      Appellee/Cross-Appellant.           )
_____  )

Opinion filed October 11, 2019.

Appeal from the Circuit Court for Pinellas
County; Frank Quesada, Judge.

Howard L. Dimmig, II, Public Defender,
and Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellant/Cross-
Appellee.

Ashley Moody, Attorney General,
Tallahassee, and David Campbell,
Assistant Attorney General, Tampa, for
Appellee/Cross-Appellant.


BLACK, Judge.

      Patrick Banks appeals from his judgments and sentences for scheme to

defraud and grand theft; the charges were brought in two separate cases which were

consolidated for trial. The State cross-appeals, challenging the trial court's ruling which reduced Banks' grand theft conviction from a first-degree felony to a third-degree felony. We find no merit in the issues Banks raises; however, because it was error for the trial court to reduce the degree of Banks' grand theft conviction, we reverse the judgment and sentence in that case. We affirm Banks' judgment and sentence for scheme to defraud without comment.

Banks was charged by information with first-degree felony grand theft where the property involved was waterfront real estate. He was found guilty after a jury trial and was sentenced immediately thereafter. Although he represented himself during the trial, Banks elected not to represent himself at sentencing and counsel was reappointed. Banks' counsel immediately made the argument that Banks' conviction for grand theft must be reduced to a third-degree felony because the verdict form did not require the jury to determine the value of the property which was the subject of the grand theft count. The prosecutor responded that the verdict form reflected the decisions affirmatively made by Banks: the jury would be instructed only as to the highest degree of the offense—with property valued at $100,000 or more—and all lesser included offenses would be excluded. Therefore, according to the prosecutor, no interrogatory on the verdict was required and the conviction was a first-degree felony. The court agreed with Banks' counsel, found that Banks could only have been convicted of third-degree felony grand theft, and sentenced Banks to five years in prison on that conviction.

The record reflects that Banks requested the following instruction: "If you find the defendant guilty of theft, you must also determine if the State has proved

beyond a reasonable doubt whether the value of the property taken was $100,000 or more." The prosecutor did not object, stating only that there was no testimony supporting valuation under $100,000. The court agreed to the instruction as requested and limited the verdict form to "guilty as charged" because there would be no interrogatory stating that "if and only if you find the defendant guilty then you must determine the value of the property." After repeatedly being asked about lesser included offenses and the verdict form, Banks stated that he did not want to discuss the issue with standby counsel and he affirmatively stated that he wanted to "go for broke." The jury was instructed as quoted above, and the verdict form allowed the jury to find Banks "guilty of grand theft, as charged" or "not guilty."

It is apparent from the record that Banks, appearing pro se, requested and received the jury instructions and the verdict form which he—through counsel—later challenged. In such cases, "[e]ven if the verdict[] w[as] incorrect, invited error would apply," and even "the failure to instruct the jury on an essential element of the offense" is not reversible error where the element was undisputed. See Rosen v. State, 940 So. 2d 1155, 1161-62 (Fla. 5th DCA 2006). Here, the verdict form conformed with the jury instructions. Cf. Prater v. State, 608 So. 2d 559, 559 (Fla. 2d DCA 1992) (reiterating the general rule that a verdict form that is not in conformance with the jury instructions is defective (citing Wilson v. State, 566 So. 2d 36, 37 (Fla. 4th DCA 1990))). And the evidence of the property's value as exceeding $100,000 was not in dispute. Banks asked the jury to make an "all-or-nothing" determination, and "the jury cannot be faulted for doing exactly what it was instructed to do." See Hernandez v. Gonzalez, 124 So. 3d 988, 992 (Fla. 4th DCA 2013) (quoting Plana v. Sainz, 990 So. 2d 554, 557 (Fla. 3d

DCA 2008)). Banks' challenge to the verdict form "was not preserved and was invited," see Richardson v. State, 7 So. 3d 549, 549 (Fla. 5th DCA 2009); thus, the trial court's reduction of the degree of offense was error. In reducing Banks' conviction from a first-degree felony to a third-degree felony, the trial court disregarded Banks' affirmative decision to present the jury with only two options—guilty of first-degree felony grand theft or not guilty—and it disregarded the resulting verdict. We reverse Banks' judgment and sentence for third-degree grand theft. Cf. Stone v. State, 564 So. 2d 225, 226 (Fla. 4th DCA 1990) (reversing judgment and sentence where trial court abused its discretion in reducing conviction from first-degree attempted murder to second-degree attempted murder). On remand, the trial court shall enter a judgment for first-degree grand theft as found by the jury and resentence Banks at a hearing at which Banks shall be present.

Affirmed in part; reversed in part; remanded.


KHOUZAM, C.J., and KELLY, J., Concur.