679 So.2d 1300 (1996)
Tondrick HOUGH, Appellant,
v.
State of FLORIDA, Appellee.
No. 96-2153.
District Court of Appeal of Florida, Fifth District.
September 27, 1996.
Tondrick Hough, Starke, Pro se.
No Appearance, for Appellee.
HARRIS, Judge.
Tondrick Hough was convicted in 1983 of robbery with a firearm and sentenced to fifty years incarceration. His appeal was denied as well as a subsequent Rule 3.800(a) motion. He now brings this Rule 3.850 motion seeking relief based on newly discovered evidence because one of his codefendants who testified against him has recanted his testimony. The trial court denied relief. We affirm.
The facts of this case establish that in 1982, three males entered the Eastern Oil Company in Palatka, Florida. Ms. Erhardt, an employee of Eastern, identified Hough as being one of the men who robbed her. James Mauesby, the recanting witness, admitted to the robbery and identified Hough as an accomplice. Daniel Woods, the third man present during the robbery, also admitted complicity and also testified that Hough was a participant.
Now Mauesby, in an unnotarized "affidavit", claims that only he and Woods committed the robbery and that they agreed to implicate Hough in order to avoid being tried as adults and sent to prison. Is this recantation, under the facts of this case, sufficient to meet the Jones standard?[1] Included within that standard is the requirement that the evidence must be of such nature that it would probably produce an acquittal on retrial. See also State v. Gunsby, 670 So.2d 920 (Fla.1996).
In Johnson v. Singletary, 647 So.2d 106 (Fla.1994), the court held that a defendant is not automatically entitled to an evidentiary hearing upon filing an affidavit stating that someone else committed the crime for which he has been convicted. Such a determination must be made on a case-by-case basis. Here, not only was Hough identified as a perpetrator by the recanting codefendant, but also by the victim of the crime as well as another, unrecanting codefendant. Hough's motion is insufficient to meet the Jones standard and the trial court was right in denying the motion.
AFFIRMED.
W. SHARP and GRIFFIN, JJ, concur.
NOTES
[1] Jones v. State, 591 So.2d 911, 915-916 (Fla. 1991).