903 So.2d 238 (2005)
Daniel Lee MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2341.
District Court of Appeal of Florida, Second District.
April 27, 2005.
Rehearing Denied June 22, 2005.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Daniel Lee Moore, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
In this Anders[1] appeal, the circuit court denied Daniel Lee Moore's motion for postconviction DNA testing pursuant to Florida Rule of Criminal Procedure 3.853, which alleged that DNA testing on certain physical evidence would exonerate Moore of the crimes of two counts of capital sexual battery. After an evidentiary hearing, the circuit court determined that no physical *239 evidence containing DNA still existed. We affirm without prejudice to any right Moore may have to file a facially sufficient motion pursuant to rule 3.850.
One of two issues that Moore raises on his own behalf in this appeal merits discussion. The record reflects that some of the physical evidence sought for testing  a "rape kit"  was destroyed three months prior to Moore's trial in 1987. At the evidentiary hearing, Moore's counsel attempted to raise the issue of whether the evidence was destroyed in bad faith under Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). In Youngblood, the United States Supreme Court addressed the extent to which a defendant is deprived of the right to a fair trial when the State fails to preserve physical evidence for testing before trial. The Court held that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Id. at 337 (distinguishing Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)). However, if the police seek a tactical advantage at trial by destroying evidence that their conduct indicates could have formed a basis for exonerating the defendant, this act of bad faith undermines the fairness of the trial and violates due process.
The circuit court properly refused to consider the Youngblood issue, which was beyond the scope of the hearing to determine whether the physical evidence Moore sought for testing still existed. The court wished to "stick to the issues that are raised by the pleadings as they presently exist." As to the circumstances under which the evidence was destroyed, "[w]e'll leave that for another day." When Moore's counsel asked if a subsequent hearing would be held, the court replied, "If you filed the proper pleadings, I assume there would be." On appeal, Moore contends that the circuit court erred when it refused to rule whether the evidence was destroyed in bad faith under Youngblood.[2]
The circuit court correctly determined that rule 3.853 presents no occasion to rule on a Youngblood claim. Rule 3.853 provides procedures for a convicted person to obtain DNA testing if certain requirements are met, including the requirement that DNA evidence must still exist. Fla. R.Crim. P. 3.853(c)(5)(A); see § 925.11(2)(f)(1), Fla. Stat. (2003). A rule 3.853 proceeding ends in one of two ways: Either the court denies the request for DNA testing or the court orders DNA testing. If the court orders DNA testing and the results are favorable to the convicted person, he or she may file a motion to vacate pursuant to rule 3.850 (or rule 3.851 in death penalty cases). If the rule 3.850 motion is based solely on the results of the DNA testing, the motion is treated as a claim of newly discovered evidence. Fla. R.Crim. P. 3.853(d)(2).
Because a colorable Youngblood claim may possibly exist as a result of information that Moore claims to have received through the rule 3.853 proceeding, Moore may have a basis for relief under rule 3.850, provided that the requirements for newly discovered evidence are met. Under rule 3.850(b)(1), a claim of newly discovered evidence requires that "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence." In addition, the newly discovered evidence must be admissible and it "must be of such a nature that it would probably produce an acquittal on retrial." Padron v. State, 769 So.2d 432, 433 (Fla. 2d DCA 2000) (quoting *240 Jones v. State, 709 So.2d 512, 521 (Fla. 1998)).
In some cases, proceedings on a motion for postconviction DNA testing may include a Youngblood claim if the Youngblood claim is properly noticed and pleaded. In Guzman v. State, 868 So.2d 498, 504 (Fla.2003), the State responded to Guzman's motion for DNA testing by stating that the evidence had been destroyed. Guzman amended the motion to include a claim that the State's bad faith destruction of exculpatory evidence violated his due process rights. Id. at 504 n. 7. The circuit court denied the request for DNA testing and the Youngblood claim after an evidentiary hearing. Id. at 504. In Williams v. State, 891 So.2d 621 (Fla. 3d DCA 2005), the circuit court considered a Youngblood claim when ruling on a rule 3.853 motion. However, the opinion is silent as to the procedure by which the Youngblood claim was presented for the court's consideration.
We express no opinion on the possible merits of any rule 3.850 motion Moore may choose to pursue as to this issue, and we note that the summary denial of Moore's prior rule 3.850 motion would likely have no bearing on a motion asserting newly discovered evidence.[3]
Affirmed.
SILBERMAN, J., and THREADGILL, EDWARD F., Senior Judge, concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] The claim of error was preserved in a motion for rehearing.
[3] After Moore's conviction became final in 1989, Moore filed a rule 3.850 motion in 1991 alleging ineffective assistance of counsel based, among other things, on trial counsel's failure to have blood and semen tests obtained and introduced into evidence. Apparently, this aspect of Moore's motion was summarily denied because of a facially insufficient allegation of prejudice. We affirmed the summary denial without opinion. Moore v. State, 601 So.2d 560 (Fla. 2d DCA 1992) (table decision). Thus this court's per curiam affirmance of the summary denial does not appear to be a decision on the merits of any issue related to trial counsel's performance with regard to the physical evidence that was destroyed before trial.