936 So.2d 1196 (2006)
Arthur Lee JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-0092.
District Court of Appeal of Florida, First District.
August 31, 2006.
*1197 Judy L. Groover, Cindy Lasky, and William Mallory Kent, Jacksonville, for Appellant.
Charlie Crist, Attorney General, and Christine Ann Guard, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the trial court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court erred by denying appellant's claim that he should be allowed to withdraw his plea due to a manifest injustice, we reverse. We affirm the trial court's summary denial of appellant's remaining claims as time barred without further discussion.
On April 27, 2000, appellant entered a plea of convenience to a charge of showing obscene material to a minor and was sentenced to three years of sex offender probation. On April 1, 2004, appellant filed a rule 3.850 motion raising several claims of ineffective assistance of counsel. On May 27, 2004, defense counsel conducted a deposition of the victim in which the victim denied that any sexual abuse had occurred or that appellant had shown her obscene material. On June 1, 2004, appellant filed an amended rule 3.850 motion in which he raised a claim of newly discovered evidence alleging that the victim had recanted her allegations of sexual abuse, and he attached a copy of her deposition to the motion.
On August 10, 2005, the trial court denied both of appellant's motions as untimely. The court found that appellant's claim of newly discovered evidence was facially insufficient because he failed to allege that the withdrawal of his plea was necessary to correct a manifest injustice. The trial court also found that the victim's recantation was suspect because the victim was not represented by an attorney and her parent or guardian was not present during the deposition. Appellant filed a motion for reconsideration with the trial court arguing that he could not have known that his daughter had recanted her testimony because he was not allowed to contact her and that he should be allowed to withdraw his plea in order to correct a manifest injustice. Appellant alleged that both of the victim's guardians were present during the depositions, and they both had their depositions taken that day. On December 2, 2005, the trial court denied appellant's motion and this timely appeal follows.
Since appellant is seeking to withdraw his plea of guilty on the basis of newly discovered evidence, it is proper to apply the standard of review for the withdrawal of a plea after sentencing. Scott v. State, 629 So.2d 888, 890 (Fla. 4th DCA 1993). Under this standard, appellant will only be allowed to withdraw his plea upon a showing of manifest injustice. Id.; see also Williams v. State, 316 So.2d 267, 274 (Fla.1975). While it is true that appellant failed to specifically state the magic words "manifest injustice" in his amended motion, appellant does state in his motion that he was "wrongfully convicted," he has maintained his innocence throughout the proceedings, and he requested a new trial. The record also shows that appellant entered a plea of convenience. Thus, the substance of appellant's claim is one of manifest injustice and he should not be penalized for failing to use those exact words. Morman v. State, 458 So.2d 88, 90 (Fla. 5th DCA 1984) (determining that the substance of the appellant's claim was ineffective assistance of counsel even though the appellant did not use the "magic words" and the appellant was entitled to an evidentiary hearing).
The standard of review of a summary denial of a newly discovered evidence claim is that the claims must be either facially insufficient or conclusively refuted by the *1198 record in order to uphold the summary denial of the motion. McLin v. State, 827 So.2d 948, 954 (Fla.2002). In this case, appellant attached to his motion a sworn deposition where the victim recanted her allegations of sexual abuse that were the basis of appellant's conviction. The trial court found that the deposition was not credible because the victim was not represented by counsel and her guardians were not present. Normally, summary denial of a newly discovered evidence claim is inappropriate if the court needs to assess the credibility of the new evidence. Murrah v. State, 773 So.2d 622, 623 (Fla. 1st DCA 2000). The exception to this rule is when the affidavit is inherently incredible or obviously immaterial to the verdict. Stephens v. State, 829 So.2d 945 (Fla. 1st DCA 2002). The deposition in this case does not fall in either category. Therefore, it was error for the trial court to deny appellant's claim without an evidentiary hearing. Accordingly, we reverse the denial of appellant's claim of newly discovered evidence and remand for an evidentiary hearing.
AFFIRMED in part, REVERSED in part, and REMANDED.
WOLF, LEWIS, and THOMAS, JJ., concur.