993 So.2d 1115 (2008)
Steven R. WHITSETT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2696.
District Court of Appeal of Florida, Fourth District.
October 8, 2008.
Rehearing Denied November 14, 2008.
Steven R. Whitsett, Stuart, pro se.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant moved for post-conviction relief under rule 3.850 based on newly discovered evidence, and his motion was summarily denied. He argues that his convictions based on a plea should be vacated, because the victim who had accused him of twelve counts of lewd acts has now recanted. We reverse for an evidentiary hearing.
Appellant was charged in 1994 with twelve counts of lewd acts against a fifteen-year-old boy. Although he admitted to a police officer that he had committed some, but not most of the acts, he maintained his innocence when he entered a plea of "guilty in best interest," in exchange for an eight year sentence to be followed by fifteen years of probation. A "guilty in best interest" plea is one in which the defendant does not admit guilt but does admit that there is sufficient evidence on which a conviction could be obtained. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
*1116 In January 2007, the victim signed an affidavit stating that the only unlawful acts which appellant actually committed were taking nude photos of the victim and that appellant masturbated himself in front of the victim. The victim stated that all other allegations involving different consensual sexual acts were not true. He attributed these false accusations to his own mental illness and stated that he had accused others who were employed at the mental health treatment center where he was being treated at the time. Although, as we said earlier, appellant had confessed to a few of the twelve acts charged, appellant maintained at his plea hearing that he was innocent.
In this case the trial court concluded that the victim's affidavit does not qualify as newly discovered evidence because appellant "was aware of the allegations against him and he was aware that the victim, even at that time was denying that some of the acts occurred." The court also noted that if appellant had gone to trial, the victim would have had to testify and been subject to cross-examination.
We are unable to agree with the trial court that the alleged newly discovered evidence does not require an evidentiary hearing. Although appellant maintained at his plea hearing that he was innocent, he was laboring under the assumption that the victim would testify that appellant had committed most of the acts described in the twelve charges. Because appellant's claim was not facially insufficient or conclusively refuted by the record, we remand for an evidentiary hearing. The burden will be on the appellant to demonstrate a manifest injustice. Johnson v. State, 936 So.2d 1196 (Fla. 1st DCA 2006) (When a defendant seeks to withdraw a plea of guilty on the basis of newly discovered evidence, the defendant must show that there has been a manifest injustice.) See also Scott v. State, 629 So.2d 888 (Fla. 4th DCA 1993).
SHAHOOD, C.J., and STEVENSON, J., concur.