995 So.2d 1112 (2008)
Timothy D. CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-321.
District Court of Appeal of Florida, Second District.
December 3, 2008.
WALLACE, Judge.
Timothy D. Clark appeals the summary denial of his motion for postconviction relief filed in accordance with Florida Rule of Criminal Procedure 3.850. We affirm in part the postconviction court's order, and we reverse in part and remand for further proceedings.

I. RELEVANT PROCEDURAL HISTORY
Mr. Clark was convicted of capital sexual battery on April 27, 1995, and sentenced to life imprisonment with a mandatory minimum term of twenty-five years. This court affirmed Mr. Clark's judgment and sentence in 1997. See Clark v. State, 700 *1113 So.2d 692 (Fla. 2d DCA 1997) (table decision).
Mr. Clark filed his current motion for postconviction relief in May 2007. In his motion, Mr. Clark advanced two claims for relief. First, he asserted that newly discovered evidence shows that a scientific theory advanced by the State at his trial has recently been discredited or abandoned. Mr. Clark alleged that this newly discovered evidence (1) was unknown at the time of his trial, (2) could not have been discovered by the exercise of due diligence, and (3) would probably produce an acquittal on retrial.
Second, Mr. Clark alleged that newly discovered evidence demonstrated that the State had failed to preserve critical physical evidence for DNA testing. Specifically, he alleged that sheriff's deputies had collected the victim's nightgown and panties and the towel worn by Mr. Clark on the night of the alleged sexual battery but that the State had failed to preserve these items for DNA testing.
The postconviction court summarily denied the first claim because the expert testimony was "not sufficient to be considered newly discovered evidence." The postconviction court also ruled that even if the expert testimony qualified as newly discovered evidence, the testimony was not likely to result in an acquittal on retrial because the victim had testified at trial that Mr. Clark had sexually battered her. The postconviction court denied the second claim because the record conclusively refuted Mr. Clark's allegation that the items in question had been collected as evidence and Mr. Clark knew or should have known at the time of trial that no such evidence had been collected.

II. DISCUSSION

A. Claim One: Expert Testimony
The postconviction court denied Mr. Clark's first claim because the expert testimony was "not sufficient to be considered newly discovered evidence." Newly discovered evidence is evidence that was unknown at the time of trial and that could not have been discovered by the use of due diligence. Rogers v. State, 957 So.2d 538, 552 (Fla.2007). In his motion, Mr. Clark claimed that the new scientific evidence was unknown to him and his trial counsel until Mr. Clark discovered it on March 26, 2006. Mr. Clark alleged further that the new evidence could not have been discovered previously by the exercise of due diligence because it was based on "recent medical studies, reports, and articlesnot available at the time of [his] trial." Thus Mr. Clark's unrefuted factual allegations established that the scientific evidence was newly discovered because it was not discovered until March 26, 2006, and was based on scientific literature not available at the time of his trial. Because the postconviction court summarily denied the claim, we must accept the factual allegations as true to the extent that they are not refuted by the record. See Floyd v. State, 808 So.2d 175, 182 (Fla.2002). Therefore, we disagree with the postconviction court's conclusion that the scientific evidence could not be considered newly discovered evidence.
The postconviction court also denied the claim because the alleged scientific evidence probably would not produce an acquittal on retrial. In particular, the postconviction court noted that the victim had testified that Mr. Clark had sexually battered her. Although the postconviction court's conclusion on this point may be correct, we cannot properly review its determination because the postconviction court did not attach to its order any portion of the record containing the victim's testimony. In addition, the postconviction court did not attach to its order a copy of the trial testimony concerning the scientific *1114 evidence that Mr. Clark contends has recently been discredited. Accordingly, we reverse the summary denial of ground one and remand for further proceedings. On remand, if the postconviction court denies claim one again, it must attach relevant portions of the record conclusively refuting the claim or conduct an evidentiary hearing.

B. Claim Two: Failure to Preserve Evidence
Mr. Clark's second claim of newly discovered evidence was based on an allegation that the State had acted in bad faith by failing to preserve evidence that was collected and examined. See Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988); Moore v. State, 903 So.2d 238 (Fla. 2d DCA 2005). The postconviction court denied this claim because the portions of the record attached to the order conclusively refuted the claim. The attachments to the order demonstrate that law enforcement did not take into evidence any clothing or towels. Because Mr. Clark's allegations are conclusively refuted by the record, we affirm the postconviction court's denial of claim two.
Affirmed in part, reversed in part, and remanded.
CASANUEVA, J., Concurs.
ALTENBERND, J., Concurs with an opinion in which CASANUEVA, J., Concurs.
ALTENBERND, Judge, Concurring.
I concur in the outcome of this opinion and in the discussion of claim two. As to claim one, I realize that this claim appears facially sufficient under the modest pleading requirements usually applied to pro se litigants filing postconviction motions within the normal two-year period. I am inclined to believe, however, that the rules of procedure should impose heightened pleading requirements and require greater specificity in postconviction motions when the defendant claims that he has discovered new evidence after the expiration of the two-year time period. I believe that greater specificity in such motions is particularly appropriate when the claim challenges scientific evidence that was properly admissible at the time of trial. Otherwise, minimal allegations claiming a new development in scientific thought may routinely require expensive and time-consuming evidentiary hearings with little indication whether the allegations will ultimately merit relief.
Mr. Clark claims that an expert witness for the State provided an opinion at his trial in 1995 that was based on a scientific theory. He claims that the theory has been subsequently abandoned by scientists in the field. He claims that "Dr. Jocelyn Brown" would testify that the theory is no longer accepted within the relevant field. He provides neither an affidavit from this doctor nor any citation to a published article in which she or another scientist makes such a claim. He cites no case law from any jurisdiction holding the theory used at trial unreliable or inadmissible. I cannot determine from his motion whether this opinion evidence was a major portion of the State's case or whether the State could prove the charges without this evidence. The admissibility of scientific evidence is a difficult topic both at trial and on direct appeal. It is far more difficult to analyze such an issue years after the conviction in the context of a postconviction motion alleging newly discovered evidence. I am content to require the trial court to give this motion more study, but I express no opinion on the merits of the claim or even on the proper standards or tests to apply when resolving such a motion.