WELLS, Judge.
 

 Juan Alfonso Hernandez appeals from an order summarily denying his Florida Rule of Criminal Procedure 3.850(b)(1) motion to withdraw a plea to a single count of cocaine sale based on newly discovered evidence. Hernandez claims that his conviction, based on a plea, should be vacated because the witness who identified Hernandez as the individual who provided the cocaine at the center of the charges here, has recanted his testimony. Our standard of review on a summary denial of a Rule 3.850 motion, as recently summarized by the Florida Supreme Court, is as follows:
 

 To uphold the trial court’s summary denial of claims in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record. Further, where no evidentiary hearing is held below, we- must accept the defendant’s factual allegations to the extent they are not refuted by the record.
 

 Foster v. State,
 
 810 So.2d 910, 914 (Fla. 2002) (quoting
 
 Peede v. State,
 
 748 So.2d 253, 257 (Fla.1999)).
 

 Because the instant post-conviction record does not conclusively demonstrate that Hernandez is entitled to no relief, we reverse and remand for an evidentiary hearing on Hernandez’s motion.
 
 See
 
 Fla. R.App. P. 9.141(b)(2)(D);
 
 McLin v. State,
 
 827 So.2d 948, 955 (Fla.2002).
 

 The facts according to Hernandez’s motion are as follows. Early on the morning of November 5, 1983, Key West police officers observed Michael Suarez talking to a teenager, then approaching a car occupied by several individuals, one of whom was Hernandez. Following a short conversation with the occupants of the car, the officers saw Suarez return to the teen to deliver a small amount of cocaine. Hernandez was later arrested and charged with a single count of cocaine sale relating to this transaction.
 

 Suarez, who purportedly testified at a deposition that he had obtained the cocaine which he sold to the teen from Hernandez, was subpoenaed by the State to appear as a witness at Hernandez’s trial. However, on the morning of trial, Hernandez pled guilty to this charge in exchange for a
 
 *419
 
 withhold of adjudication, a $500 fine, and three years probation. When Hernandez was later arrested on a new trafficking in cocaine charge, his probation in this case was revoked and he was sentenced to prison on the new trafficking charge. Heiman-dez served his time in prison and was released. However, he was subsequently arrested and convicted once again for cocaine trafficking, for which he is now serving a life sentence in prison.
 

 Hernandez now (some twenty five years later) claims that Suarez recently approached him in prison to apologize and to admit that he was pressured into lying in his deposition to identify Hernandez as the provider of the cocaine provided to the teen. Hernandez supports that claim with an affidavit, sworn and signed by Suarez, in which Suarez states that “based on pressure from my father and other family members and from officers of the Key West [Police] department as well as my own attorney,” he had perjured himself by falsely testifying in a pre-trial deposition that Hernandez had provided him with cocaine. Hernandez also claims that but for Suarez’s deposition testimony, he would not have pled to this charge; that he is actually innocent; and that, based on Suarez’s recantation, his conviction in this case is manifestly unjust.
 

 Accepting, as we must, these allegations as true, we reverse the summary denial of Hernandez’s motion and remand for an evidentiary hearing to determine not only the truthfulness of the statements detailed in Hernandez’s motion and Suarez’s affidavit and the credibility of those involved, but also to ascertain whether Hernandez can meet his burden of demonstrating manifest injustice.
 
 See McLin,
 
 827 So.2d at 955 (requiring an evidentiary hearing to determine the truthfulness of a recantation supporting a Rule 3.850 motion);
 
 Foster,
 
 810 So.2d at 914 (finding that the trial court may only summarily deny claims raised in a Rule 3.850 where the claims are either facially invalid or conclusive refuted by the record);
 
 see also Whitsett v. State,
 
 993 So.2d 1115, 1116 (Fla. 4th DCA 2008) (confirming that in a case where the victim has recanted accusations regarding commission of a crime, a defendant seeking to withdraw a guilty plea on the basis of such newly discovered evidence must prove that there has been a manifest injustice) (citing
 
 Johnson v. State,
 
 936 So.2d 1196 (Fla. 1st DCA 2006), and
 
 Scott v. State,
 
 629 So.2d 888 (Fla. 4th DCA 1993)). The State shall be accorded a full opportunity to raise any applicable defenses to Hernandez’s claim therein.
 

 Reversed and remanded for further proceedings consistent with this opinion.