CASANUEVA, Chief Judge.
Brian K. Smith appeals the summary denial of his motion filed pursuant to Flori *1278 da Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
In his motion, Mr. Smith alleged that the method of comparative bullet lead analysis (CBLA), which had been used by an FBI analyst who testified at his murder trials in 1989 and 1990, was subsequently discredited by scientific research and abandoned by the FBI as unreliable. Mr. Smith cited the November 2007 joint-investigation by The Washington Post and CBS News’ “60 Minutes” describing research by William A. Tobin, former chief metallurgist for the FBI, and by the National Research Council of the National Academy of Sciences, which concluded that CBLA could not reliably support testimony that a bullet came from a particular box of ammunition. Mr. Smith alleged that at his trials, FBI Special Agent Donald Have-kost had offered such expert testimony as the only direct evidence linking him to the crimes where other evidence was weak and circumstantial. The Post-“60 Minutes” story reported that the FBI had discontinued use of CBLA in 2005 but did little to alert prosecutors and defense attorneys. Mr. Smith claimed that information in the Post-“60 Minutes” investigation, which was not available at the time of trial, constituted newly discovered evidence justifying consideration of his otherwise untimely rule 3.850 motion.
Newly discovered evidence is evidence that was unknown at the time of trial, could not have been discovered by the use of due diligence, and would probably produce an acquittal on retrial. Jones v. State, 709 So.2d 512, 521 (Fla.1998). Summarily denying Mr. Smith’s motion, the postconviction court did not have the benefit of our decision in Clark v. State, 995 So.2d 1112 (Fla. 2d DCA 2008). In Clark, the movant “asserted that newly discovered evidence show[ed] that a scientific theory advanced by the State at his trial [had] recently been discredited or abandoned.” Id. at 1113. This court held that the postconviction movant presented facially sufficient allegations that the new evidence was unknown at the time of trial and could not have been discovered by the use of due diligence. Id. Because his allegation that the evidence would probably produce an acquittal on retrial was not conclusively refuted by the record, we reversed the summary denial of the claim and remanded for further proceedings. Id. at 1113-14.
Clark controls here. Mr. Smith sufficiently alleged that evidence that CBLA has been discredited and abandoned was unknown at the time of his trials and could not have been discovered by the use of due diligence. The postcon-viction court did not reach Mr. Smith’s allegation that the evidence would probably produce an acquittal on retrial, nor did it consider any other issue related to Mr. Smith’s motion. We express no opinion on issues not addressed by the postconviction court and reverse and remand for further proceedings.[1]
Reversed and remanded.
*1279 DAVIS, J., Concurs.
ALTENBERND, J., Concurs specially.

. The postconviction court might find it useful to note that courts in other jurisdictions have explored the often complex issues involving CBLA. Also known as CABL (compositional analysis of bullet lead), CBLA has been held inadmissible as scientifically unreliable. See Ragland v. Commonwealth, 191 S.W.3d 569 (Ky.2006); Clemons v. State, 392 Md. 339, 896 A.2d 1059 (2006). Research discrediting CBLA has provided a basis for postconviction relief. See State v. Behn, 375 N.J.Super. 409, 868 A.2d 329 (2005). In other cases, courts have acknowledged the research casting doubt on the validity of the CBLA testimony presented at trial but have held that postcon-viction relief was not warranted based on the particular facts of each case. See Commonwealth v. Lykus, 451 Mass. 310, 885 N.E.2d *1279 769 (2008); Bowling v. Commonwealth, No. 2006 SC-000034-MR, 2008 WL 4291670 (Ky.2008) (unpublished opinion); Commonwealth v. Daye, 19 Mass.L.Rptr. 674, 2005 WL 1971027 (Mass.Super.Ct.2005). These cases are cited for informational purposes only and not to circumscribe the postconviction court's further consideration of Mr. Smith's motion.