WALLACE, Judge.
 

 David Crain Gillis challenges a final order summarily denying his motion for
 
 *682
 
 postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm the postconviction court’s order but write to clarify the appropriate basis for denial of Mr. Gillis’s motion.
 

 In 2004, Mr. Gillis was convicted of robbery, kidnapping, and aggravated battery and was sentenced to concurrent terms of life in prison on the robbery and kidnapping charges and to thirty years in prison on the aggravated battery charge. At his original sentencing, Mr. Gillis was not designated as a habitual felony offender on any of the three charges. This court affirmed the judgment and sentence on appeal, and the mandate issued on March 24, 2005.
 
 Gillis v. State,
 
 901 So.2d 124 (Fla. 2d DCA 2005) (table decision).
 

 Mr. Gillis subsequently filed a motion to correct illegal sentence under rule 3.800(a). The motion was granted, and on March 28, 2006, Mr. Gillis was resentenced as a habitual felony offender to concurrent terms of life in prison on the robbery and kidnapping charges and as a habitual felony offender to thirty years in prison on the aggravated battery charge. Mr. Gillis appealed the resentencing order in April 2006, and while his appeal was pending, he filed a rule 3.800(b)(2) motion with the postconviction court. In December 2006, the postconviction court granted Mr. Gil-lis’s rule 3.800(b)(2) motion in part and ordered that Mr. Gillis again be resen-tenced, this time to delete the habitual felony offender designation on the robbery and kidnapping charges because the designation constituted a double jeopardy violation. As a result of the postconviction court’s order, Mr. Gillis filed a notice of dismissal, and his rule 3.800(a) appeal was dismissed.
 
 Gillis v. State,
 
 959 So.2d 262 (Fla. 2d DCA 2007) (table decision).
 

 Mr. Gillis did not file his rule 3.850 motion until September 27, 2007, more than two years after his direct review proceedings were concluded.
 
 See
 
 Fla. R.Crim. P. 3.850(b). Mr. Gillis’s resen-tencing, which resulted not from his direct appeal but from his successful rule 3.800 motions, did not toll the two-year time limit for filing a rule 3.850 motion attacking his convictions.
 
 See
 
 Fla. R.Crim. P. 3.850(b);
 
 O’Neill v. State,
 
 6 So.3d 630, 630 (Fla. 2d DCA 2009);
 
 Marrero v. State,
 
 967 So.2d 934, 936 (Fla. 2d DCA 2007). Instead of considering Mr. Gillis’s claims on the merits, the postconviction court should have denied it as untimely. However, we affirm the denial because the postconviction court reached the right result, despite the unnecessary review.
 
 See Robertson v. State,
 
 829 So.2d 901, 906 (Fla.2002) (“Th[e] longstanding principle of appellate law, sometimes referred to as the ‘tipsy coachman’ doctrine, allows an appellate court to affirm a trial court that ‘reaches the right result, but for the wrong reasons,’ so long as ‘there is any basis which would support the judgment in the record.’ ”).
 

 Affirmed.
 

 WHATLEY and KELLY, JJ., Concur.