41 So.3d 1062 (2010)
Thomas POFF, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D10-210.
District Court of Appeal of Florida, Third District.
August 11, 2010.
Rehearing Denied August 27, 2010.
*1063 Thomas Poff, in proper person.
Bill McCollum, Attorney General, for respondent.
Before SHEPHERD, SUAREZ, and ROTHENBERG, JJ.
SUAREZ, J.
Defendant petitions this Court for a writ of habeas corpus requesting relief from this Court's prior affirmance of a trial court order denying his request for post-conviction relief alleging newly discovered evidence. Poff v. State, 20 So.3d 858 (Fla. 3d DCA 2009). We deny the petition on both procedural and substantive grounds.
First, Poff's present petition is successive. Poff raised the identical issue in a prior post-conviction relief claim, which this Court affirmed without opinion.[1] A successive habeas petition that raises the same issue is procedurally barred. See Phillips v. State, 894 So.2d 28 (Fla.2004); Moss v. Singletary, 705 So.2d 947 (Fla. 1st DCA 1998).
Second, we address Poff's substantive claim that this Court's prior decision affirming the trial court's denial of his motion for post-conviction relief based on allegations of "newly discovered evidence" *1064 conflicts with this Court's subsequent decision in Hernandez v. State, 20 So.3d 417 (Fla. 3d DCA 2009). We find no conflict, and additionally find that the facts and legal issues raised in Hernandez are unrelated to those raised by Poff.
In Hernandez, the sole witness who identified the defendant at trial as a perpetrator of the crime recanted his testimony some twenty-five years later. This Court ruled that Hernandez was entitled to an evidentiary hearing and reversed the summary denial of his motion to withdraw his plea. Id. at 419. In Poff, an eyewitness to the crime testified that he watched Poff and his co-defendants, over the course of several minutes, burglarize a house next door to where he was staying. The eyewitness testified that he recognized Poff as someone his girlfriend had socialized with, and positively identified Poff as one of the perpetrators in a photo lineup and also in court. As well, the eyewitness has not recanted his testimony. Poff has produced an affidavit from a fellow inmate, who was not a co-defendant, stating that the inmate, not Poff, was involved in the burglary.
Where there is conflicting evidence of the defendant's guilt, it is sometimes necessary for the trial court to evaluate the weight of the newly discovered evidence to determine whether its introduction at trial would probably have resulted in an acquittal. See Jones v. State, 591 So.2d 911, 915-16 (Fla.1991) (Jones I). Often, this analysis will require an evidentiary hearing. See, e.g., Roberts v. State, 678 So.2d 1232 (Fla.1996). A defendant is not automatically entitled to an evidentiary hearing, however, on filing a motion asserting newly discovered evidence. See Johnson v. Singletary, 647 So.2d 106 (Fla. 1994) (holding that such a determination must be made on case-by-case basis).
A defendant must meet two requirements to obtain a new trial based on newly discovered evidence. First, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must also appear that neither the defendant nor defense counsel could have known of such evidence by the use of diligence. See Davis v. State, 26 So.3d 519, 526 (Fla.2009) (citing to Jones v. State, 709 So.2d 512, 521 (Fla.1998) (Jones II)); Jones I, 591 So.2d at 915 (Fla.1991). Second, the newly discovered evidence must be of a nature that it would probably produce an acquittal on retrial or yield a less severe sentence. Jones II, 709 So.2d at 521. Newly discovered evidence satisfies the second prong of the Jones II test if it "weakens the case against [the defendant] so as to give rise to a reasonable doubt as to his culpability." Jones II, 709 So.2d at 526 (quoting Jones v. State, 678 So.2d 309, 315 (Fla.1996)). In applying this two-prong test, the post-conviction trial court must "consider all newly discovered evidence which would be admissible," and must "evaluate the weight of both the newly discovered evidence and the evidence which was introduced at the trial." Jones I, 591 So.2d at 916.
The trial judge correctly concluded that Poff's claim of "newly discovered evidence" does not meet the second, critical requirement of the two-part test established for newly discovered evidence in Jones II. The trial court weighed the specific testimony of the eyewitness against the generic assertions made in the "newly discovered evidence" and concluded that the confession of the inmate lacked credibility and would probably not change the result for Poff on retrial. See Jones II, 709 So.2d at 521; Hunter v. State, 29 So.3d 256 (Fla.2008) (holding that trial court properly denied evidentiary hearing upon considering that even if defendant sufficiently alleged his claim and that the evidence properly qualified as newly discovered *1065 evidence, the evidence was not of such a nature that it would probably produce an acquittal on retrial, where other witnesses testified as to the same matters); Hough v. State, 679 So.2d 1300 (Fla. 5th DCA 1996) (holding that a hearing was unnecessary on an affidavit stating that someone else committed the crime, where appellant had been identified as perpetrator by victim as well as by other codefendant); Stone v. State, 616 So.2d 1041 (Fla. 4th DCA 1993) (affirming denial of rule 3.850 motion based on newly discovered evidence after hearing in which trial court determined affiant lacked credibility).
Petition for Writ of Habeas Corpus denied.
SHEPHERD, J., concurring.
I join in the decision to deny the petition in this case. However, I find it sufficient to deny the petition solely on the ground the petition is successive. See PDK Labs., Inc. v. U.S.D.E.A., 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J. concurring).
NOTES
[1] Poff v. State, 20 So.3d 858 (Table) (Fla. 3d DCA 2009). Rehearing was denied in November 2009, motion to recall Mandate or for Reconsideration was denied January 2010.