WALLACE, Judge.
Marvin D. Russell appeals from an order summarily denying his three-claim postconviction motion filed on July 15, 2010, under Florida Rule of Criminal Procedure 8.850. We affirm without further comment as to claims two and three. As for claim one, we affirm but on a basis different from the one relied on by the postconviction court. See, e.g., Gillis v. State, 32 So.3d 681, 682 (Fla. 2d DCA 2010).
In his postconviction motion, Russell alleged newly discovered evidence in the form of a January 20, 2010, affidavit in which the victim recanted her original allegations. See, e.g., Roberts v. State, 678 So.2d 1232, 1235 (Fla.1996) (indicating that recantation evidence can qualify as newly discovered evidence if the allegations thereof satisfy the appropriate requirements of rule 3.850). However, a claim of newly discovered evidence must be raised “within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence.” Fla. R.Crim. P. 3.850(b)(1); see also Bolender v. State, 658 So.2d 82, 85 (Fla.1995) (noting the existence of this time limit before it was explicitly incorporated into the rule). Russell attached to his motion a portion of the transcript of his probation revocation hearing held on November 15, 2005, at which the victim’s mother (Russell’s ex-wife) testified that the victim had changed her mind about the original allegations. Russell urged in his motion that this testimony reflected what actually happened at the time of the original events. However, the testimony in 2005 was essentially the same as the assertions in the victim’s affidavit prepared in 2010. Thus, as of the date of the revocation hearing at the latest, Russell was on notice that the victim had recanted. We conclude that Russell could have exercised due diligence to file a post-conviction motion within two years of hearing this testimony, see Fla. R.Crim. P. 3.850(b)(1), rather than waiting well over four years to do so. See also Butler v. State, 946 So.2d 30, 31 (Fla. 2d DCA 2006) (noting that an allegation of recantation does not require that the movant attach supporting affidavits). Therefore, we affirm the postconviction court’s order.
Affirmed.
DAVIS and VILLANTI, JJ., Concur.