KHOUZAM, Judge.
Jorge Zamarippa appeals the summary denial of his motion for postconviction relief in which he raised a claim of newly discovered evidence pursuant to Florida Rule of Criminal Procedure 3.850(b)(1). We reverse and remand for an evidentiary hearing.
As a result of his involvement in a drive-by shooting in July of 1997, Zamarippa was convicted of one count of first-degree murder and three counts of attempted first-degree murder on June 19, 1998. He was sentenced to life without parole on the murder count and 259 months in prison on the remaining counts, to run concurrently. This court affirmed on direct appeal on June 16, 1999. See Zamarippo v. State, 737 So.2d 1095 (Fla. 2d DCA 1999) (table decision). Zamarippa has filed two previous motions for postconviction relief, a motion to correct illegal sentence, and a motion to compel the clerk to unseal juror reports — all of which were denied.
*747 Zamarippa filed his current motion on December 7, 2011, arguing that he recently discovered evidence showing that the comparative bullet-lead analysis introduced at his trial was not reliable. He asserted that this evidence would have resulted in an acquittal. He also claimed that the State failed to disclose this evidence as required by Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He attached to his motion an article published in the Washington Post on November 18, 2007, which details the controversy surrounding comparative bullet-lead analysis.[1] The court denied the motion on December 12, 2011, finding that Zamarippa’s motion was untimely and that the article did not constitute newly discovered evidence.
However, the 2007 article in the Washington Post refers to a 2004 report by the National Academy of Sciences on comparative bullet-lead analysis, and this court has determined that the 2004 report may qualify as newly discovered evidence. See Murphy v. State, 24 So.3d 1220, 1222 (Fla. 2d DCA 2009).[2] Further, the record does not conclusively show that Zamarippa’s motion was untimely filed. Cf. id. at 1222 n. 2 (“[W]e express no opinion concerning whether [the appellant’s) claims of newly discovered evidence based on the unreliability of comparative bullet-lead analysis were actually ‘filed within two years of the time when the evidence upon which avoidance of the time limit was based could have been discovered through the exercise of due diligence.’” (quoting Bolender v. State, 658 So.2d 82, 85 (Fla.1995))). We reverse and remand for the postconviction court to hold an evidentiary hearing to determine whether Zamarippa’s motion was timely under rule 3.850(b)(1) and, if so, whether the newly discovered evidence on comparative bullet-lead analysis would probably produce an acquittal on retrial, see Padron v. State, 769 So.2d 432, 433 (Fla. 2d DCA 2000). Also, as the postcon-viction court’s order did not address Za-marippa’s Brady claim, the court should address this claim on remand.
Reversed and remanded for further proceedings.
ALTENBERND and BLACK, JJ., Concur.

. John Solomon, FBI’s Forensic Test Full of Holes, Wash. Post, Nov. 18, 2007, at A01, available at http://www.washingtonpost.com/ wp-dyn/content/article/2007/11/17/AR 2007111701681.html.

. The organization that conducted the 2004 study is referred to as the "National Research Council” in the Murphy opinion and as the "National Academy of Sciences” in the Washington Post article. But these are related organizations; the opinion and the article reference the same study. See Nat'l Research Council, Forensic Analysis Weighing Bullet Lead Evidence (Wash., D.C., Nat'l Acad. Press 2004), available at http://www.nap.edu/ catalog.php?record_id= 10924.