ON MOTION FOR REHEARING

SHEPHERD, C.J.
Upon consideration of the State’s motion for rehearing, we grant rehearing, withdraw the opinion issued November 21, 2012, and substitute the following in its stead:
Michael Perez appeals from the summary denial of his Florida Rule of Criminal Procedure 3.850 motion to withdraw a guilty plea. We reverse the trial court’s order, and remand for an evidentiary hearing to determine whether Perez is entitled to withdraw his plea due to manifest injustice.
On April 15, 1999, Jimmy Ramirez was shot to death while riding his bicycle on the street. Perez, a seventeen-year-old, high school dropout, confessed to the crime one day after the killing and was arrested. At the time, one eyewitness corroborated Perez’s confession — thirteen-year-old Carlos Hernandez, who Perez was visiting at the time of the shooting. Over a year later, Perez again admitted to shooting Ramirez during a competency examination by Dr. Sanford, who also noted Perez’s history of substance abuse. Dr. Sanford found Perez competent to waive his rights. After his motion to suppress the confession was denied, Perez pled guilty to second-degree murder with a firearm, and unlawful possession of a firearm while engaged in a criminal offense. The trial court sentenced Perez to forty years in prison.
In September 2009, almost nine years after entering his guilty plea, Perez filed a motion for postconviction relief under Rule 3.850(b)(1). Perez claimed newly discovered evidence and manifest injustice, and presented two affidavits in support of his claims, one from Javier Delarosa and another from Albert Montanez. Delarosa swore Ramirez died in a drive-by shooting at the hands of a neighborhood gang leader known as Fat Steve, and explained his fear of Fat Steve’s retribution kept him from coming forward with the information at the time. Montanez corroborated Dela-rosa’s story that Ramirez was killed in a drive-by shooting. Montanez further related an incident he witnessed the day after the shooting, when Fat Steve approached Montanez and Perez, ordered Perez to get in the car, and told Montanez if he “wanted to live to see 21 ... to keep [his] mouth close[d].” Like Delarosa, Montanez did not come forward with the exculpatory information because he was afraid of Fat Steve. In his motion, Perez states he witnessed Fat Steve shoot the victim, and Fat Steve threatened to hurt him and his family if he talked. Perez also claims had he known of the existence of other witnesses willing to testify truthfully, he would not have pled.
In summarily denying Perez’s motion, the trial court noted that what Perez submitted as newly discovered evidence merely corroborates what Perez already knew, namely, his innocence. The trial court stated Perez failed to meet “his burden of establishing that vacating his plea is necessary to prevent a manifest injustice.” Perez appeals from this ruling.
On appeal from a summary denial of a motion for postconviction relief, this court must reverse “unless the record *301 shows conclusively that the appellant is entitled to no relief.” Fla. R.App. P. 9.141(b)(2)(D) (emphasis added); see also Fla. R.Crim. P. 8.850(d); Mason v. State, 976 So.2d 80 (Fla. 3d DCA 2008). If the trial court does not conduct an evidentiary hearing, “an appellate court must accept the defendant’s factual allegations as true to the extent they are not refuted by the record.” Mason, 976 So.2d at 80. Further, summary denial of a Rule 3.850(b)(1) motion is rarely appropriate when the credibility of new evidence is at issue. McLin v. State, 827 So.2d 948, 955 (Fla.2002); see also Johnson v. State, 936 So.2d 1196 (Fla. 1st DCA 2006).
A criminal defendant must meet a high threshold to withdraw a guilty plea after sentencing. In such circumstances, the defendant must prove “withdrawal is necessary to correct a manifest injustice.” Scott v. State, 629 So.2d 888, 890 (Fla. 4th DCA 1993); see also Miller v. State, 814 So.2d 1131, 1132 (Fla. 5th DCA 2002). The defendant has the burden of demonstrating a manifest injustice through clear proof of prejudice. Williams v. State, 316 So.2d 267, 274 (Fla.1975). As recognized in Lago v. State, 975 So.2d 613, 614 (Fla. 3rd DCA 2008), where “a manifest injustice has occurred it is the responsibility of the court to correct that injustice, if it can.” As acknowledged in Tompkins v. State, 994 So.2d 1072, 1089 (Fla.2008), “the standard in Florida for a newly discovered evidence claim is more liberal than the standard for raising an actual innocence claim in federal courts.” The Tompkins court elucidated the actual innocence standard as follows:
Under federal law, a defendant is required to produce “new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial” for a claim of actual innocence to be considered. House v. Bell, 547 U.S. 518, 537, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Moreover, that new evidence must establish that “it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt” in light of all of the available evidence. Id. at 537, 126 S.Ct. 2064, 547 U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1 (quoting Schlup, 513 U.S. at 327, 115 S.Ct. 851, 130 L.Ed.2d 808). “ ‘[Actual innocence’ means factual innocence, not mere legal insufficiency.” Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Moreover, the federal courts have required that defendants asserting actual innocence show that they have been diligent in presenting their claims. See Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir.2004); Baker v. Norris, 321 F.3d 769, 772 (8th Cir.2003); David v. Hall, 318 F.3d 343, 347 (1st Cir.2003); Flanders v. Graves, 299 F.3d 974, 978 (8th Cir.2002).
Id. at 1089.
In this case, because Perez alleged he pled to the charges knowing he was innocent, the trial court reasoned the testimony of Delarosa and Montanez cannot qualify as newly discovered evidence. In a similar situation, however, the Fourth District Court of Appeal determined an evidentiary hearing was required where the victim recanted and the defendant pled while “laboring under the assumption that the victim would testify that appellant had committed [the charged acts].” Whitsett v. State, 993 So.2d 1115, 1116 (Fla. 4th DCA 2008).
Perez’s claim of manifest injustice is not and cannot be conclusively refuted by the *302 present record. Perez’s confession stands at direct odds with the newly discovered testimonial evidence to the contrary, which Perez seeks to present. The weight of this testimonial evidence, and Perez’s ability to prove a manifest injustice occurred, depends upon the credibility of Delarosa and Montanez — a credibility determination that can be made only by calling them as witnesses and evaluating their testimony in open court. Therefore, the trial court erred in denying Perez’s motion without an evidentiary hearing.
Accordingly, we reverse the trial court’s denial of Perez’s motion, and remand for an evidentiary hearing on the issue of manifest injustice.
Reversed and remanded.