NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JAMES S. DUNCAN, DOC #165332, )
 )
Appellant, )
 )
v. )Case No. 2D16-2625
 )
STATE OF FLORIDA, )
 )
Appellee. )
_____ )

Opinion filed April 21, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Michael F. Andrews,
Judge.

Lisabeth J. Fryer of Lisabeth J. Fryer, P.A.,
Winter Park; and William R. Ponall, Ponall
Law, Maitland, for Appellant.


WALLACE, Judge.

James Duncan appeals from the summary denial[1] of his motion for

postconviction relief filed under Florida Rule of Criminal Procedure 3.850. Because Mr.

_____

[1]Although the postconviction court entitled its order as a summary
dismissal of Mr. Duncan's motion for postconviction relief, the postconviction court also
stated that it was summarily denying his claim. Accordingly, we treat Mr. Duncan's
motion as if it were summarily denied below.

Duncan's newly discovered evidence claim was not conclusively refuted by the record and the postconviction court relied upon evidence outside the record to deny the claim, we reverse and remand for an evidentiary hearing.

Mr. Duncan was convicted of thirteen counts of aggravated child abuse on March 27, 1996, and sentenced to a total of seventy years in prison. This court affirmed Mr. Duncan's judgment and sentences in 1997. See Duncan v. State, 696 So. 2d 359 (Fla. 2d DCA 1997) (table decision).

On December 22, 2015, Mr. Duncan filed a motion for postconviction relief raising a single claim. Mr. Duncan's claim of newly discovered evidence was based on a scientific article in a peer-reviewed medical journal published in January 2014, together with an affidavit and a report from the article's co-author prepared on Mr. Duncan's behalf. Mr. Duncan alleged that these materials not only discredited the scientific theory relied upon by the State at his trial, but also proved that he did not abuse the victim. Specifically, Mr. Duncan and the article's author asserted that the victim's injuries were caused by a metabolic bone disease, not child abuse. They also asserted that such evidence was unknown at the time of trial, could not have been discovered by the exercise of due diligence, and would probably produce an acquittal on retrial.

After considering the State's response, the postconviction court summarily dismissed the claim as untimely. The postconviction court ruled that Mr. Duncan's claim was untimely because he could have "obtained an expert to diagnose metabolic bone disease more than two years before he filed [his] motion." The postconviction court further found that the new scientific article merely "criticize[d]" the State's scientific

- 2 -

theory at trial. Further, in reaching its conclusion, the postconviction court relied upon other scientific articles that were attached as exhibits to the State's response to demonstrate that Mr. Duncan could have brought this claim long before Mr. Duncan discovered the new article. Finally, in the alternative, the postconviction court ruled that even if Mr. Duncan's claim were timely filed, it would be denied as meritless because the new scientific article, affidavit, and report could not constitute newly discovered evidence. This appeal followed.[2]

We review the postconviction court's summary denial of a rule 3.850 motion de novo. Balmori v. State, 985 So. 2d 646, 649 (Fla. 2d DCA 2008) (citing Willacy v. State, 967 So. 2d 131, 138 (Fla. 2007)). "On appeal from a summary denial of a motion for postconviction relief, this court must reverse 'unless the record shows conclusively that the appellant is entitled to no relief.' " Perez v. State, 118 So. 3d 298, 300-01 (Fla. 3d DCA 2013) (quoting Fla. R. App. P. 9.141(b)(2)(D)). If the postconviction court fails to conduct an evidentiary hearing, we "must accept the defendant's factual allegations as true to the extent they are not refuted by the record." Id. at 301 (quoting Mason v. State, 976 So. 2d 80, 80 (Fla. 3d DCA 2008)).

To prevail on a claim of newly discovered evidence, a defendant must meet two requirements.

> First, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence. Second, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial.

---

[2]The State did not file an answer brief.

- 3 -

Coley v. State, 74 So. 3d 184, 185 (Fla. 2d DCA 2011) (quoting Preston v. State, 970 So. 2d 789, 797 (Fla. 2007)). Additionally, "a claim of newly discovered evidence must be raised 'within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence.' " Russell v. State, 100 So. 3d 202, 203 (Fla. 2d DCA 2012) (quoting Fla. R. Crim. P. 3.850(b)(1)).

Here, there is nothing in the record to conclusively show that Mr. Duncan's facially sufficient motion was untimely filed. Mr. Duncan filed his motion within two years of the publication of the new scientific article. He alleged that this article contained "newly developed science" that not only disproves the State's theory at trial, but also demonstrates that the true cause of the victim's injuries was a rare bone disease, not child abuse. He further asserted that he could not have discovered this "newly developed science" with the exercise of due diligence because it was not published until January 2014. Accordingly, although the postconviction court found that Mr. Duncan could have obtained an expert to diagnose the possibility of a bone disease and that some in the scientific community acknowledged the possibility that a certain condition could indicate a metabolic bone disease instead of child abuse years before, such findings do not conclusively refute Mr. Duncan's claim. Nor do they decisively establish that Mr. Duncan and his counsel, with due diligence, could have discovered the new article and its "newly developed science" earlier than its publication date. Indeed, there is no conclusive record evidence to demonstrate that this "newly developed science," which allegedly discredits the scientific theory employed by the State at trial, had been fully developed or known before the publication of the article in

January 2014.  Therefore, we disagree with the postconviction court's conclusion that it was not required to hold an evidentiary hearing on Mr. Duncan's claim.

Our conclusion that an evidentiary hearing is required is bolstered by the postconviction court's reliance upon other scientific articles attached to the State's response to deny Mr. Duncan's claim.  Such reliance was error because the exhibits were neither a part of the original record nor properly admitted at an evidentiary hearing.  See Forte v. State, 189 So. 3d 1043, 1044 (Fla. 2d DCA 2016) (holding that the postconviction court erred in relying upon the transcript from a co-defendant's evidentiary hearing, which was attached to the State's response, to summarily deny the defendant's rule 3.850 motion because it was outside the scope of the record).  Finally, we disagree with the postconviction court's conclusion that scientific evidence in the form of articles and studies cannot constitute newly discovered evidence.  See Clark v. State, 995 So. 2d 1112, 1113 (Fla. 2d DCA 2008) (holding that scientific evidence in the form of medical studies, reports, and articles could be considered newly discovered evidence), cited with approval in Smith v. State, 23 So. 3d 1277, 1278 (Fla. 2d DCA 2010); see also Zamarippa v. State, 100 So. 3d 746, 747 (Fla. 2d DCA 2012) (reversing and remanding for an evidentiary hearing because a scientific organization's report on comparative bullet-lead analysis could constitute newly discovered evidence); Murphy v. State, 24 So. 3d 1220, 1222 (Fla. 2d DCA 2009) (same); cf. Henry v. State, 125 So. 3d 745, 750-51 (Fla. 2013) (leaving open the possibility that scientific articles based on new data and scientific information as opposed to a compilation of "previously existing" data may constitute newly discovered evidence).

For the foregoing reasons, we reverse the postconviction court's summary denial of Mr. Duncan's motion.  We express no opinion on the merits of Mr. Duncan's claim of newly discovered evidence.  On remand, the postconviction court shall conduct an evidentiary hearing on that claim.

Reversed and remanded.

SILBERMAN and BADALAMENTI, JJ., Concur.