# Third District Court of Appeal

## State of Florida

Opinion filed January 31, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1173
Lower Tribunal No. F00-23049A
_____


**Johnny LaFlippe,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Law Offices of Michelle Walsh, P.A., and Michelle R. Walsh, for appellant.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.


Before SCALES, GORDO and BOKOR, JJ.

BOKOR, J.

Johnny LaFlippe[1] appeals from an order rendered after an evidentiary hearing, denying a motion for new trial based on allegedly newly discovered evidence. We have jurisdiction. See Fla. R. App. P. 9.140(b)(1)(D). Because the trial court's conclusions are supported by competent substantial evidence, we affirm.

On January 31, 2001, LaFlippe was charged, through an indictment, with one count of first-degree murder, one count of attempted first-degree murder, and another count of possession of a firearm by a convicted felon. Following a jury trial, LaFlippe was found guilty of first-degree murder and attempted murder. This court affirmed the conviction on direct appeal. See Laflipe, 888 So. 2d at 106 (affirming conviction).

On June 15, 2020, LaFlippe filed a motion for new trial based on newly discovered evidence pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, LaFlippe alleged that the newly discovered evidence of a statement made by Monyca Pierre would have had a meaningful influence at trial and would have weakened the case enough to give rise to a

---

[1] LaFlippe appears in the dockets of the trial and appellate court with variations in the spelling of his name, including Johnnie LaFlipe, Johnny LaFlippe, and various other similar permutations. We're using the version chosen by his counsel of record in this appeal (Johnny LaFlippe), but it's the same person as in prior appeals. See, e.g., Laflipe v. State, 888 So. 2d 104 (Fla. 3d DCA 2004); LaFlipe v. State, 11 So. 3d 958 (Fla. 3d DCA 2009); LaFlippe v. State, 338 So. 3d 348 (Fla. 3d DCA 2022).

reasonable doubt as to LaFlippe's guilt. In her statement, Pierre claimed that she was an eyewitness and that LaFlippe was not one of the men at the scene of the crime. After an evidentiary hearing, the postconviction court entered an order denying LaFlippe's motion for new trial.

Under Florida law, a defendant must meet two requirements before a conviction may be set aside based on newly discovered evidence. The parties do not contest the first prong, that the evidence "must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known [of it] by the use of diligence." Ferguson v. State, 306 So. 3d 985, 989 (Fla. 3d DCA 2020) (quoting Jones v. State, 709 So. 2d 512, 521 (Fla. 1998)). Instead, the postconviction court focused on the second prong, concluding that the newly discovered evidence would not "be of such nature that it would probably produce an acquittal on retrial." Id. (quoting Jones, 709 So. 2d at 521). "Newly discovered evidence satisfies the second prong of the Jones test if it 'weakens the case against [the defendant] so as to give rise to a reasonable doubt as to his culpability.'" Taylor v. State, 260 So. 3d 151, 158 (Fla. 2018) (quoting Jones, 709 So. 2d at 526). In reaching this conclusion, the "post-conviction trial court must 'consider all newly discovered evidence which would be admissible,' and must 'evaluate the weight of both the newly

3

discovered evidence and the evidence which was introduced at the trial.'" Poff v. State, 41 So. 3d 1062, 1064 (Fla. 3d DCA 2010) (quoting Jones v. State, 591 So. 2d 911, 916 (Fla. 1991)).

"In determining the impact of the newly discovered evidence, the court must conduct a cumulative analysis of all the evidence so that there is a 'total picture' of the case and 'all the circumstances of the case.'" Hildwin v. State, 141 So. 3d 1178, 1184 (Fla. 2014) (quoting Swafford v. State, 125 So. 3d 760, 776 (Fla. 2013)).

Notably, "[t]he credibility of the newly discovered evidence can be critical in determining whether it gives rise to a reasonable doubt as to the defendant's culpability." Schofield v. State, 311 So. 3d 918, 921–22 (Fla. 2d DCA 2020) (concluding that the postconviction court's findings as to credibility were supported by competent substantial evidence); see also Riechmann v. State, 966 So. 2d 298, 317 (Fla. 2007) ("[S]he conceded she was high on crack cocaine at the time of the alleged incident and had been convicted of many felonies, making her credibility a substantial issue. . . . [T]he credibility of these two witnesses was a matter for the trial court's evaluation . . . .").

As this case hinges on the second prong of Jones, the critical question is whether Pierre's testimony would "probably produce an acquittal on re-

4

trial." Jones, 709 So. 2d at 521. Here, in rendering its determination as to whether the newly discovered evidence would give rise to a reasonable doubt of LaFlippe's culpability, the postconviction court primarily focused on Pierre's credibility. Notably, the court found Pierre's testimony unreliable, particularly as to the reasons in which she remained silent for nineteen years and wished to reconnect with LaFlippe after years. Specifically, it determined: "Pierre's testimony was suspect – at best. Pierre is a recovering drug addict who has brought forth her testimony after nineteen years of silence. She testified that she had been addicted to cocaine for two years prior to and at the time of the shooting." Because the postconviction court's primary concern revolved around Pierre's lack of credibility, the court did not err in denying LaFlippe's motion on this ground. See, e.g., Hitchcock v. State, 991 So. 2d 337, 350 (Fla. 2008) (noting that witness credibility is "critical to the newly discovered evidence analysis"). Moreover, the postconviction court based its credibility determination on several factors, such as Pierre's years of silence, addiction to cocaine, and addiction to cocaine during the events in question.

In addition to the competent substantial evidence supporting the lack of witness credibility, the postconviction court went through the significant eyewitness testimony and evidence at trial to conclude that the evidence

5

against LaFlippe was "overwhelming." Pierre's nineteen-year-old testimony that she did not see LaFlippe at the scene of the crime, even though she did not directly witness the shooting, did not weaken the case against LaFlippe "so as to give rise to a reasonable doubt as to his culpability" considering the testimony at trial. See Taylor, 260 So. 3d at 158. Therefore, the postconviction court's findings are supported by competent substantial evidence.

Affirmed.